## CIRCUIT COURT OF WARREN COUNTY

Jennings

v.

Pomeroy

September 5, 1984

Case No. (Chancery) 4700

By JUDGE HENRY H. WHITING

The Court heard this matter on a motion for a temporary injunction on Friday, August 31, 1984. The complainants seek to enforce a covenant not to compete drawn by the attorney for the seller of a grocery store business in the following language:

> Covenant not to compete - Seller shall not engage in a retail grocery business, directly or indirectly, within an area five (5) miles from the present location of the retail grocery business he is selling to buyers.

The evidence heard convinces me that if the seller acts as a clerk, solicits employees for the business and assists in ordering stock for the new business to be operated by seller Mr. Mullins known as the Riverton Super Market he will be violating the covenant not to compete.

However, no time limitation was specified for the covenant and both parties agree that to be enforceable the covenant must be reasonable in area *and time*. *Richardson v. Paxton Company*, 203 Va. 790 (1962); *see Foti v. Cook*, 220 Va. 800, 807 (1980). The buyers urge the Court to adopt the reasoning of a substantial number of

other Courts in fixing a reasonable period for the covenant to run, thus making it valid. Many of these cases are discussed in the 90-page annotation entitled "Enforceability insofar as Restrictions would be Reasonable of Contract Containing Unreasonable Restrictions on Competition," 61 A.L.R.3d 397. The Court has read the complainant-cited recent West Virginia case of *Reddy v. Community Health Foundation of Man*, 298 S.E.2d 906 (W. Va. 1982), with some interest. It presents an articulate, well-reasoned history and summary of such covenants and an application of a rule of reason to "shave such covenants" (*id.*, at 916) so as to make those covenants (otherwise valid and not oppressive but with excessive time and area provisions) reasonable. However, that case involved a thirty-mile, three-year restriction upon a physician competing against his clinic-employer. If *no time* restriction had been in the covenant, one wonders whether Justice Neely would have gone further:

> The threshold analysis is as follows: even when contracts are deemed valid and binding, courts should still approach restrictive covenants with grave reservations, and take a strict view of them on first impression. The covenant in question must be reasonable on its face if judicial scrutiny of it is to continue. If the covenant is unreasonable on its face, then it is utterly void and unenforceable. No court should trouble itself to rewrite an inherently unreasonable covenant to bring the covenant within the rule of reason.
>
> A covenant is unreasonable on its face when the restriction is *excessively broad with respect to time* or area. . . *Id.*, at 915. (Emphasis added.)

While no Virginia case has been cited nor has the Court's independent research disclosed any Virginia case on the point, many Virginia cases admonish the Courts not to make a contract for the parties which they had not made for themselves. E.g., *Plaskitt v. Black Diamond Trailer Co.*, 209 Va. 460, 465 (1968) (Court declined to impose "a reasonable time" for the duration of an agency contract, specifying no time and therefore terminable

at will, in conflict with an apparent majority of cases in other jurisdictions, according to the concurring opinion, *id.*, at 470); *W.F. Magann Corp. v. Virginia-Carolina Electrical Works, Inc.*, 203 Va. 259, 264 (1962).

The Court did find *Alston Studios, Inc. v. Lloyd V. Gress & Associates*, 492 F.2d 279 (4th Cir. 1974), in its research, which reviewed the Virginia cases and found a non-competition agreement too broad as applied to an employee, relying upon one of its earlier cases decided under North Carolina law, *Welcome Wagon v. Morris*, 224 F.2d 693 (4th Cir. 1955). In that case, Judge Dobie declined to "shave" the covenant to make it valid. "We think the restrictive covenant must be judged as a whole and must stand or fall when so judged." *Id.* at 701. Citing and quoting from *Welcome Wagon, Alston Studios* said: "We must therefore decline [the employer's] invitation to read into the agreement limitations which simply are not there." *Id.* at 285. *Welcome Wagon* was said to be the guide for the decision in this kind of case in *Richardson v. Paxton Company*, 203 Va. 790, 794 (1962), and *Meissel v. Finley*, 198 Va. 577, 579 (1956).

The recent Arkansas case declining to "shave" a three-year non-competition contract to make it valid summarizes the reasons therefor as follows:

> Such a practice of granting partial injunctive relief not only amounts, as we have seen, to a judicial rewriting of the parties' contract; it also has a clear tendency to provoke unnecessary litigation. That is, even though the restriction is unreasonably far-reaching the employer has nothing to lose by going into court and seeking partial injunctive relief.
>
> Williston, supra, suggests that the latter difficulty can be avoided "in part at least" by completely invalidating covenants that are deliberately unreasonable and oppressive. That solution is apt to be ineffective, for the employer, forewarned, has only to make a restrictive contract ostensibly within the outer boundaries of reasonableness to avoid the penalty proposed by Williston. *Rector-Phillips Morse, Inc. v. Vroman*, 498 S.W.2d 1, 61 A.L.R.3d 391, 396 (Ark. 1973).

Despite this "hard case" because of the purchasers' reliance upon the seller's attorney to prepare a valid non-competition agreement and that attorney's inadvertent omission to fix a reasonable time limit, coupled with evidence at the initial hearing indicating there might be a violation of the agreement, the Court does not believe it should, or the Virginia Supreme Court would, embark on the perilous course of supplying essential parts of contracts neither explicitly or implicitly agreed to by the parties.

If the complainant desires to make a record, the Court believes it should hear evidence as to what a reasonable time would have been in order to save future trial and appellate court time.

Counsel for the defendant will draw the necessary decree noting the complainant's objections.