## CIRCUIT COURT OF THE CITY OF ROANOKE

Consolidated Industrial
Roofing, Inc.

    v.

John D. Williams

October 13, 1989

By JUDGE DIANE McQ. STRICKLAND

This case involves the determination of the validity of a non-competition clause in the employment contract entered into by the parties. The plaintiff, "Consolidated," is engaged in the commercial and industrial roofing business. In 1985 it hired the defendant, "Williams," at which time an employment agreement was signed. Paragraph 2 of the agreement provides as follows:

Employee agrees that, at no time while Employee is employed by Consolidated and for a period of two (2) years after termination of Employee's employment (both of which periods of time are collectively referred to as the "Period"), will Employee engage directly or indirectly, either personally or as an employee, associate, partner, manager, agent or otherwise or by means of any corporate or other devise in any business contemplated by Consolidated, in Roanoke, Virginia, or in any area within One Hundred Fifty (150) Air Miles of Roanoke, Virginia, which includes parts of states contiguous to Virginia, (all of which is herein collectively referred to as the "Area"), nor will Employee, during the Period, and in the Area, by or through any means whatsoever, solicit or attempt to solicit the

business or patronage of any person, firm or corporation that is or was a customer or account of Consolidated of whom Consolidated had contact in an attempt to have such person, firm or corporation become a customer or account of Consolidated. This paragraph shall apply to all business endeavors of Consolidated, including, but not limited to roofing (both new construction and repairs) and the sale of roofing supplies and materials.

Williams was employed by Consolidated for a period of four years as a salesman and job estimator. During this period of time, he traveled throughout southwestern Virginia, portions of North Carolina and West Virginia, contacting potential customers and participating in the preparation of job cost estimates. Williams also worked in the office preparing material takeoffs, submittals and pre-installation notices. By January 1989, Williams was responsible for supervising two other employees who assisted him with sale contacts and job estimates in the same geographic region.

In late January 1989, Williams informed his employer that he was considering other job offers, including one from a cable company and one from I. N. McNeil Roofing and Sheet Metal Company, Inc., "McNeil". McNeil is located in Roanoke County, Virginia, and is engaged in new construction roofing, re-roofing and repairs. Consolidated informed Williams that he would be in violation of the terms of his agreement if he accepted employment with McNeil. Nevertheless, Williams chose to accept employment with McNeil shortly thereafter. Currently, working for McNeil, Williams does material takeoffs, submittals, pre-installation notices, on-site reviews and, according to Mr. McNeil, attends pre-bid meetings.

In order to determine the validity of a non-competition agreement, the following criteria must be applied:

(1) Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest?

(2) From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood?

(3) Is the restraint reasonable from the standpoint of a sound public policy?

Non-competition covenants which pass these tests in the light of the facts of each case will be enforced in equity.

*Roanoke Eng. Sales v. Rosenbaum*, 223 Va. 548, 552, 290 S.E.2d 882, 884 (1982).

In considering whether restrictions protect a legitimate business interest without being unduly harsh, the Virginia Supreme Court has ruled that non-competition agreements which are reasonably limited in time, geographical scope and activities are valid and enforceable. *Worrie v. Boze*, 191 Va. 916, 62 S.E.2d 876 (1951). In the present case, the duration of the restriction is two years. The restriction that was upheld in *Worrie v. Boze* was for two years. Additionally, the Supreme Court upheld a five-year restriction in *Meissel v. Finley*, 198 Va. 577, 95 S.E.2d 186 (1956), and a two-year restriction in *Paramount Termite Control v. Rector*, 238 Va. 171 (1989). Considering the time frame necessary in the roofing industry for calling on customers, attending pre-bid meetings, preparing material takeoffs, submittals, final bids and pre-installation notices, a two-year restriction is appropriately reasonable. In fact, the two-year restraint provides only a short period of protection to Consolidated with relatively limited temporal restriction on Williams' activities.

The scope of the geographical restriction is "within 150 air miles of Roanoke." Williams personally called on numerous customers within this area and further supervised other employees who shared responsibility for accounts within this same area. Consolidated continues to operate in the same geographic region and consequently has a legitimate business interest to be protected. On the other hand, Williams is free to go to Northern Virginia, Tidewater, various parts of North Carolina or West Virginia if he desires to continue to work in the roofing industry. Consequently, the Court does not find this restriction to be unduly harsh on his efforts to earn a livelihood.

The matter of what activities are sought to be curtailed is not as clear-cut. Williams has agreed not to engage in "any business contemplated by Consolidated" and to refrain from engaging in "all business endeavors of Consolidated, including, but not limited to roofing (both new construction and repairs) . . . ." Williams contends that the agreement is not enforceable because the restriction on his activities is overly broad. Were this Court to read *only* the language "any business contemplated by Consolidated," a conclusion of overbreadth would be appropriate. However, in *Paramount Termite Control v. Rector*, 238 Va. 171 (1989), the Virginia Supreme Court ruled that basic rules of construction govern the interpretation of a covenant not to compete, and that plain meaning must be given to *all* of the words employed.

In accordance with the guidance provided by *Paramount*, this Court must also consider the language "all business endeavors of Consolidated, including but not limited to roofing (new construction and repairs) . . . ." Giving these words plain meaning necessitates a finding that the parties intended to preclude Williams from working in the roofing industry. Williams argues that the agreement precludes virtually every form of economic endeavor such as working for a pizza parlor or sponsoring a race car. While the language "any business contemplated" read in isolation would appear to impose such restrictions, the mandate of *Paramount* is that the language must be read "so as to give meaning to all the words." 238 Va. at 174.

Furthermore, this Court cannot disregard the facts of the present case. *Roanoke Eng. Sales* requires that the covenants be evaluated "in the light of the facts." 223 Va. at 552. In the present case, Williams was aware that working for a competing roofing company would violate the agreement. He not only discussed it with his employer but also with McNeil. While Williams places great emphasis on the fact that his responsibilities with the two companies are different, he has nevertheless admitted that in both employments he had done material takeoffs, submittals, and pre-installation notices. Additionally, he acknowledged that he works in the same office with Mr. McNeil and talks with him daily about the jobs that he is planning to bid. Mr. McNeil stated that he considers any company with a roofing license, including Consolidated, to be a competitor.

Furthermore, there was evidence that McNeil and Consolidated have actually competed for some of the same jobs since Williams has joined the employ of McNeil. For this Court to refuse to enforce the restrictive covenant on the basis that the activities described therein are overly broad would require it to disregard the obvious facts of this case that Williams is engaging in direct competition with his former employer. As this Court has been called upon to exercise its equitable jurisdiction, such a result cannot be permitted. The equities of the case are that Williams was aware of the restraint on his participation in the roofing industry for a period of two years within a 150 mile radius of Roanoke; that Consolidated offered inducements for him to remain in its employ; that he had another job offer which would not have violated the restraint; and that he selected employment knowing it was in violation of the restraint and in direct competition with his former employer. The Court also takes note of the demeanor of the owner of Consolidated on the witness stand which suggested no indication of malice or spite towards Williams but simply concern for the well being of Consolidated's business. All of the aforesaid factors militate against permitting Williams to avoid enforcement on the basis of overbreadth.

The restriction in question does not unreasonably restrain trade or violate public policy. The roofing industry is highly competitive with a limited number of customers within the 150 mile radius of Roanoke. As is evident from the testimony of both the president of Consolidated and Mr. McNeil concerning the bidding process, there exists an adequate number of businesses to compete in this market. With regard to the issue of the adequacy of personnel willing to supply such services, the only evidence known to the Court is that Mr. McNeil did not even need to advertise the position which Williams filled but rather simply approached Williams through a third party while he was in the employ of Consolidated to solicit his employment with McNeil.

For all of the foregoing reasons, it is the opinion of this Court that the non-competition agreement between Williams and Consolidated is no greater than necessary to protect Consolidated's legitimate business interest; that it is not unreasonably harsh in curtailing Williams's

efforts to earn a livelihood; and that it is reasonable from the standpoint of a sound public policy. Accordingly, the covenant will be enforced.

Consolidated has prayed for prospective enforcement as was granted by the Court in *Roanoke Eng. Sales*, 223 Va. at 556. Because this Court refrained from issuing a temporary injunction until all of the evidence could be heard in this matter and because during pendency of this case, which was timely filed within several weeks of Williams' departure from Consolidated, more than six months have now passed, it is the opinion of this Court that prospective enforcement is appropriate. As stated in *First National Bank v. Hughson*, 194 Va. 736, 754, 74 S.E.2d 797, 809 (1953), "the court of equity has the power of devising its remedy and shaping it so as to fit the changing circumstances of every case and the complex relations of all the parties." Accordingly, the defendant, John D. Williams, is hereby enjoined from continuing his employment with I. N. McNeil Roofing and Sheet Metal, Inc., and from engaging in roofing construction and repairs within a 150 mile air radius from Roanoke for a period of two years from the date of the entry of an order herein.