## CIRCUIT COURT OF CHESTERFIELD COUNTY

Colleen Kida

v.

Chesterfield Veterinary
Clinic, Inc.

January 19, 1990

Case No. (Law) CL89-18

By JUDGE WILLIAM R. SHELTON

Colleen Kida seeks a declaratory judgment pursuant to Va. Code § 8.01-184. This controversy stems from an employment relationship between Dr. Kida and Dr. Lyne. On July 4, 1982, Dr. Kida, who is a veterinarian, entered into an Employment Agreement with Chesterfield Veterinary Clinic, which at the time had two offices and was owned and operated by Dr. Lyne. The Employment Agreement contained a non-competition clause that read as follows:

> 6. *Restrictions.* The Employee agrees that during the Period (as defined below), she will not own, manage, operate, control, be employed by, participate, or be connected in any manner, directly or indirectly, with the ownership, management, operation or control of any business or profession engaged in veterinary services within a ten (10) mile radius of 3301 Broad Rock Road, Richmond, Virginia, or within a ten (10) mile radius of 12108 Harrowgate Road,

Chester, Virginia. For purposes of this Agreement, the term "Period" shall mean two (2) years from the date of *"execution"* of this Agreement, plus one (1) additional year for each twelve (12) month period that the Employee has worked for the Company after the date of this Agreement; *provided, however,* that under no circumstances shall the "Period" be deemed to exceed five (5) years in the aggregate.

At the end of 1983 or beginning of 1984, Dr. Lyne presented Dr. Kida with a revised Employment Agreement. Dr. Kida contends that she signed the new Employment Agreement based on Dr. Lyne's representation that it was simply an amended form of the earlier agreement that extended the non-competition clause to a third office that had recently opened.

The non-competition clause in the new Employment Agreement includes the new third office and also changed the language of the clause to read as follows:

6. *Restrictions.* The Employee agrees that during the Period (as defined below), she will not own, manage, operate, control, be employed by, participate or be connected in any manner, directly or indirectly, with the ownership, management, operation or control of any business or profession engaged in veterinary services within a ten (10) mile radius of 3301 Broad Rock Road, Richmond, Virginia; within a ten (10) mile radius of 12108 Harrowgate Road, Chester, Virginia; or within a ten (10) mile radius of 3530 S. Courthouse Road, Chesterfield, Virginia. For purposes of this Agreement, the term "Period" shall mean three (3) years from *"termination"* of this Agreement, plus one (1) additional year for each twelve (12) month period, or fraction thereof, that the Employee has worked for Employer after the date of this Agreement; *provided, however,* that under no circumstances shall the "Period" be deemed to exceed five (5) years in the aggregate.

On March 9, 1988, Dr. Kida gave notice that she was terminating her employment on March 23, 1988.

Dr. Kida brings this declaratory judgment to determine whether the second agreement was invalid for lack of consideration, thereby leaving in force the non-competition clause in the first agreement. And in the event the second agreement is valid, Dr. Kida contends that the restraints of the non-competition clause in that agreement are unreasonable.

It is a well-settled issue that consideration must be shown for a modification to be valid. The Court finds that there was sufficient consideration for the modification, and thus, the second contract is not null and void. Dr. Kida's 1982 contract stated that she would be paid $18,000.00, and that in August of the next year, she would receive a $1,000.00 raise. The second contract executed provided for an immediate $2,000 raise. Thus, under the first contract, Dr. Kida would only have gotten a $1,000.00 raise in August of 1983, but in the second contract, she got a $2,000.00 raise. This establishes the additional consideration necessary for the second contract to be valid.

Furthermore, Dr. Kida has alluded to fraud or misrepresentation by Dr. Lyne in seeking her signature on the second contract, but she has not pleaded or proved it. "The elements of fraud are: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 384 S.E.2d 752 (1989) (citing *Winn v. Aleda Construction Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984)). The evidence of proving these elements is upon the party charging fraud, which in this case would be Dr. Kida. *Winn v. Aleda Construction Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). Because of Dr. Kida's lack of pleading and proof, the Court cannot make a finding of fraud or misrepresentation.

Having found the second contract to be valid, we must now consider the reasonableness of the non-competition clause contained in that agreement. Covenants involving performance of professional service have been upheld when the limitations as to time or territory are not unreasonable. *Paramount Termite Control Co. v. Rector*, 238 Va.

171, 380 S.E.2d 922 (1989). The reasonableness of the clause must be considered as it relates to these different areas: the employer, the employee, and public policy. *Id*. The burden of proving the reasonableness of the restraint rests with the employer. *Linville v. Servisoft of Virginia*, 211 Va. 53, 174 S.E.2d 785 (1970). Moreover, the restraint should be carefully examined and strictly construed before the clause is enforced because it is a restraint on trade which restricts the employee in pursuing gainful occupation. *Linville*, 211 Va. at 55, 174 S.E.2d at 785 (citing *Richardson v. Paxton Co.*, 203 Va. 790, 795, 127 S.E.2d 113, 117 (1962)).

In the case at hand, the non-competition clause would prohibit Dr. Kida from engaging in the practice of veterinary medicine within ten miles of each of the three animal hospitals for a period of five years beginning with termination of her employment with Dr. Lyne. The defense counsel did not put on either orally or by deposition any evidence which would establish the reasonableness of the time and geographic restrictions contained in the clause. Rather, the deposition of Mrs. Lyne, executor for Dr. Lyne's estate, indicates she has no idea why the particular time and geographic limitations were selected (Depos. pp. 27 and 32). This Court finds that because defense counsel did not put on any evidence concerning the reasonableness of the restriction, he has not carried his burden of proof and, therefore, the Court cannot enforce the non-competition clause.

Furthermore, since the employer has not met the burden of proof necessary to show reasonableness, this Court will not attempt to determine what, under these circumstances, would be a valid non-competition clause. The situation before the Court is unique. The employer did not meet the burden of proof required by the law. He presented no evidence to the Court to establish that the time limit and geographic limit were reasonable. For this Court to go forward with the case and determine what would be a reasonable non-competition clause would result in a grave injustice to the employee.

Virginia case law clearly established that the courts should not make a contract for the parties which they did not make for themselves. *Jennings v. Pomeroy*, 8 Va. Cir. 111, 112 (1984); *Plaskitt v. Black Diamond Trailer*

*Co.*, 207 Va. 460, 465 (1968); *W. F. Magann Corp. v. Virginia-Carolina Electrical Works, Inc.*, 203 Va. 259, 264 (1962). Case law has also established that non-competition clauses, especially among employers and employees, are frowned upon and should be strictly construed. Based on these principles of construction, this Court feels that it would be improper for the Court to try to determine what would be a reasonable non-competition clause.