## CIRCUIT COURT OF FAIRFAX COUNTY

Steven Kantor

v.

Norman Martin

January 15, 1991

Case No. (Chancery) 116726

BY JUDGE THOMAS J. MIDDLETON

This matter came before the Court on the demurrer of defendant Martin to the bill of complaint filed by the plaintiff on June 19, 1990. After considering the issues raised by counsel and the applicable case law, the demurrer is sustained with leave given to the plaintiff to amend his bill.

As was noted in the opinion letter of August 9, 1990, in the case of *Kantor v. Health Innovations*, Chancery No. 116727, the bill of complaint fails to plead in separately labelled counts. Subject to the ruling below, the plaintiff is given leave to amend his bill of complaint to properly plead the claims asserted in his original bill against the defendant.

Next to be considered is the plaintiff's claimed preach of the covenant restricting the actions of the defendant for one year following his termination. That covenant reads, "If you leave Gnossos Software at some point in the future, you agree not to directly, or indirectly solicit business from any Gnossos Software clients for a period of one year from your last day of work for Gnossos Software." (Plaintiff's Exhibit 1, at 2.) As to that asserted cause of action for breach, the demurrer is sustained.

In order to determine the validity of a non-competition covenant such as the one involved herein, the following criteria are applicable:

(1) Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest?

(2) From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood?

(3) Is the restraint reasonable from the standpoint of a sound public policy?

*Paramount Termite Control Co. v. Rector*, 238 Va. 171, 174, 380 S.E.2d 922 (1989).

The burden to show that a restraint is reasonable rests upon the employer. The covenant will be closely scrutinized and carefully construed before it will be enforced. *Richardson v. Paxton Co.*, 203 Va. 790, 795, 127 S.E.2d 113 (1962).

The non-competition covenant in the instant case prohibits the defendant from soliciting business from any "Gnossos Software client" for a period of one year after his last day of employment. Strictly construed, this language would prevent the defendant from soliciting any type of business from Gnossos Software clients, not limited to business which competes with his former employer. For example, should the defendant desire to quit the software business entirely and enter the field of termite extermination, he would be restrained from soliciting the clients of Gnossos Software for a period of one year. This restraint is unreasonable in the sense that it is greater than necessary to protect the legitimate business interests of Gnossos Software. *See Grant v. Carotek, Inc.*, 737 F.2d 410 (4th Cir. 1984) (applying Virginia law).

The cases which the plaintiff has brought to the attention of the Court in his Brief in Support of Application for a Preliminary Injunction are distinguishable in that the covenants therein under consideration were limited by their own terms to business which competed with the former employer.