**CIRCUIT COURT OF ROCKINGHAM COUNTY**

Rodney H. Blatt,
t/a H & R Block

v.

Shelvy J. Wittig et al.

November 16, 1992

Case No. (Chancery) 13806

BY JUDGE PORTER R. GRAVES, JR.

The matter heard involves whether the noncompetition covenant as set forth in paragraph 10 of the employment contract dated January 6, 1990, and filed as "Exhibit A" to the bill of complaint, restricts activities complained of by the plaintiff against the defendant, Shelvy J. Wittig. The issue is whether the former customers of the plaintiff who left the plaintiff as their income tax preparer and used an intervening preparer between the time they left the plaintiff and when the defendant, Shelvy Wittig, prepared their returns, come within the purview of Paragraph 10 (the noncompetition covenant) of "Exhibit A" to the bill of complaint, or have by virtue of their using an intervening preparer, eliminated the said noncompetition covenant from enforcement by the plaintiff against said defendant.

Counsel agree that the most recent applicable pertinent case is *Clinch Valley Physicians, Inc. v. Garcia*, 243 Va. 286 (1992), decided by the Supreme Court of Virginia on February 28, 1992. In *Clinch Valley* at page 289, it stated, "First, we consider the principles that govern us in deciding the applicability of noncompetition provisions in an employment contract. 'Since the restraint sought to be imposed restricts the employee in the exercise of a gainful occupation, it is a restraint in trade, and it is carefully examined and strictly construed before the covenant will be enforced' " citing *Linville v. Servisoft of Va., Inc.*, 211 Va. 53 at 55 (1970).

Further, in *Clinch Valley, supra*, at page 289, it provided "but if a noncompetition provision in an employment contract 'is unam-

biguous and capable of only one reasonable construction, we read it according to its plain meaning.' *Paramount Termite Control Co. v. Rector*, 238 Va. 171 at 174 (1989). However, each contractual provision must be considered in the context of all other contractual provisions" citing *Worrie v. Boze*, 191 Va. 916 at 924–25 (1951).

Furthermore, the *Clinch Valley* Court provided that if in considering one provision, in the context of other language in the agreement, it can be reasonably constructed in more than one way, it will be said to be ambiguous, and the construction most favorable to the employee will be adopted.

I have read the case of *Worrie v. Boze, supra*, cited by the plaintiff. I have reviewed the contract in its entirety. The plaintiff argues that the intent of the contract is that the defendant not prepare tax returns for the customers of the plaintiff while the defendant was employed there. The covenant, Paragraph No. 10 down to the portion set forth in parenthesis therein does not give me a problem. In accordance with *Worrie v. Boze, supra*, at page 927, I find that the restrictive features provided by the covenant are limited to reasonable duration and effective only within a limited and designated area.

The ambiguity exists with those customers with the plaintiff while the defendant was still employed there but who left after the defendant and prior to coming to the defendant have gone to an intervening tax preparer. I heard no argument that such customers of the plaintiff went to an intervening preparer by virtue of any solicitation or wrongdoing by the defendant. Since no such allegation or argument was made on November 2, 1992, I must assume that it is not alleged that it occurred. It appears that Paragraph 11 of the employment agreement would cover that situation, and it was not the subject of any argument on November 2, 1992.

After considering all of the authority and argument by counsel, I find that the employment agreement, specifically Paragraph 10, when applied to customers who had intervening tax preparers between the time the defendant left the plaintiff's employ and the time such customers came to the plaintiff, is ambiguous as to such customers, was written by the plaintiff and should be construed in favor of the defendant and does not restrict the defendant's preparation of tax returns for such class by that provision or any other provisions of the agreement.

If the plaintiff desired to cover such limited class of persons, it should have written the contract in clear and unambiguous terms.