39 F.3d 1177
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MISSO SERVICES CORPORATION, Plaintiff-Appellant,
v.
AT & T COMMUNICATIONS, INCORPORATED, Defendant-Appellee.
 No. 93-2138.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 28, 1994.
Decided October 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-93-363-A)
 Willie L. Leftwich and Brian K. Pearlstein, Leftwich & Douglas, Washington, DC, for Appellant. John F. Anderson, McGuire, Woods, Battle & Boothe, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this appeal the parties to two identical leases dispute the meaning of the clause "On October 31, 1992 Lessee will buy all Equipment for One Dollar." Both parties admit that the language is unambiguous, but disagree as to its meaning. Appellant's Br. at 5; Appellee's Br. at 13. Misso Services Corporation contends that the clause constitutes an option to buy provision which Atlantic Telephone & Telegraph failed to exercise. AT & T, on the other hand, argues that the phrase is a buyout clause under which the equipment becomes their property without exercising any option.
 
 
 2
 Under Virginia contract law, "[i]t is a well-established principle that, when a contract is clear and unambiguous, it is the duty of the court, and not the jury, to decide its meaning." Winn v. Aleda Constr. Co., 315 S.E.2d 193, 194 (Va.1984). The court should read a clear and unambiguous contract provision according to its plain meaning. Paramount Termite Control Co. v. Rector, 380 S.E.2d 922, 925 (Va.1989). The district court concluded that the language "On October 31, 1992 Lessee will buy all Equipment for One Dollar," given its ordinary meaning, was a buy-out provision.
 
 
 3
 This Court reviews de novo the district court's decision to grant summary judgment to AT & T and the question of contract construction. Nehi Bottling Co. v. All-American Bottling Corp., 8 F.3d 157, 162 (4th Cir.1993); Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 4
 Misso Services's argument hinges on a review of the district court's definition of the phrase "will buy" in the context of the lease agreement. The unambiguous language of the provision is that AT & T "will buy" the equipment on a date certain. Given its plain meaning, the provision is a buy-out clause. The title of the section in the Orders containing the "will buy" language does not alter this conclusion. In addition, we find Misso's argument based on the "Purchase of Equipment" clause in the General Lease Agreement to be unpersuasive because there was no option to purchase. Finally, the language in the Consents refers to one method of purchasing the equipment but does not state that this shall be the sole method. It does not alter the clear language of the Orders. The district court did not err in granting summary judgment in favor of AT & T.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED