# CIRCUIT COURT OF LOUDOUN COUNTY

Joseph K. Statkus

   v.

Loudoun Anesthesia
Associates, L.L.C.

·Case No. (Chancery) 17161

December 18, 1996

*Stipulation of Facts*

Come now the parties, by Counsel, who file this as their Stipulation of Facts in this matter.

1. On or about October 1, 1994, the Plaintiff, Joseph K. Statkus, joined with four other physicians (namely, Carol F. Adams, John Q. Schisler, W. Paul Harris, and Nicholas J. Marsh) to form a limited liability company known as Loudoun Anesthesia Associates, L.L.C. This company was formed as a Virginia limited liability company.

2. Subsequent to the formation of the company, those individuals, all of whom are licensed anesthesiologists and who are referred to herein as "Members" executed an Operating Agreement dated October 1, 1994.

3. LAA was formed for the identified purpose of providing specialized and exclusive medical services to the Loudoun Hospital Center and to the Loudoun Health Services.

4. On July 3, 1996, at a duly called meeting of the Members of LAA, the Plaintiff was given written notice that he was being expelled as a Member of that company, however, that he would be given an opportunity to submit his resignation if he so desired. That resignation was never submitted so that the expulsion stood.

5. The Operating Agreement, signed by all the Members, contains in Paragraph 1 the following language, *inter alia*:

The Company has been formed for the purpose of engaging in the provision of anesthesia, perioperative medicine, and pain management.

6. The Operating Agreement, signed by all the Members, contains in Paragraph 18 the following language, *inter alia*:

the Members each agree that for a period of one (1) year following withdrawal from the Company, whether voluntary or involuntary and whether with or without cause, that Member will not directly or indirectly engage in a business similar to that conducted by the Company or in any other business competitive with the Company, but only so far as such competitive business is located in or actively solicits business in Loudoun County, Virginia .... The Members hereof expressly agree that the terms, duration, and geographic extent of this Covenant Not to Compete are reasonable.

7. The parties each reserve the right to submit affidavits to support any factual assertions made in their respective briefs.

January 9, 1997

By JUDGE JAMES H. CHAMBLIN

Joseph K. Statkus, M.D., filed this declaratory judgment proceeding asking the Court to adjudicate the rights of the parties under a covenant not to compete in the Operating Agreement of Loudoun Anesthesia Associates, L.L.C. ("LAA"). LAA filed a Cross-Bill asking the Court to declare that the covenant not to compete is valid and to enjoin Dr. Statkus from violating the covenant.

The parties stipulated the facts, submitted memoranda, and argued on December 17, 1996.

For the reasons that follow, the Court rules as follows:

(1) That the "Covenant Not to Compete," Paragraph 18 of the Operating Agreement of LAA dated October 1, 1994, is invalid and unenforceable because it represents an unreasonable restraint on the practice of anesthesiology and pain management by Dr. Statkus;

(2) That to the foregoing extent, judgment is granted to Dr. Statkus on his Amended Bill of Complaint and the Cross-Bill of LAA; and

(3) That the Cross-Bill of LAA is dismissed.

*Factual Background*

The facts of this case are as set forth in the Stipulation of Facts filed December 18, 1996, a copy of which is attached hereto and made a part hereof. Pursuant to the Stipulation of Facts, the parties also submitted affidavits to support other factual assertions made in their memoranda. Accordingly, the Court considered the attachments to Dr. Statkus' memorandum and the affidavit of Carol F. Adams, M.D., filed December 17, 1996.

Any fact recited in a memorandum or asserted in oral argument which is not either stipulated or supported by affidavit is not considered by the Court.

*Conclusions of Law and Analysis*

Because covenants not to compete involve a restraint upon the exercise of a gainful occupation, such covenants should be carefully examined and strictly considered before they are enforced. *Clinch Valley Physicians v. Garcia*, 243 Va. 286, 289 (1992). Each case involving employment covenants not to compete must rest on its particular facts and circumstances. *Richardson v. Paxton Co.*, 203 Va. 790, 794 (1962). Significantly, in such cases, the employer has the burden to prove that the restraint is reasonable and the covenant is valid. 203 Va. at 794.

A party seeking to enforce a covenant not to compete must show the validity of the restraint of trade following three criteria.

(1) Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest?

(2) Is the restraint, from the standpoint of the employee, reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood?

(3) Is the restraint reasonable from the standpoint of a sound public policy?

All three criteria must be satisfied. *Paramount Termite Control Co., Inc. v. Rector*, 238 Va. 171 (1989).

After consideration of the facts and circumstances of this case, I find that the covenant not to compete is far greater than is necessary to protect the business of LAA. Under the Agreements for Anesthesia Care Services dated October 1, 1994, between LAA and Loudoun Hospital Center ("LHC") and Loudoun Health Services ("LHS"), LAA is the exclusive provider of "Anesthesia Services" (as defined in paragraph 2(d) of the Agreements, these services include the services provided by LAA under the Operating

Agreement) at LHC and the ambulatory surgery center operated by LHS. Under paragraph 2(c) of the Agreements, LAA, its physicians and certified registered nurse anesthetists cannot provide such services other than at LHC and the LHS surgery center. The Agreements have an initial term expiring on September 30, 1997, which is after the one year under the covenant not to compete would expire.

LAA was formed to provide exclusively anesthesia services to LHC and the LHS surgery center. There was no evidence that either LHC or LHS has allowed LAA to provide services other than at the hospital or the surgery center. No evidence was presented that LAA provided services to any patient other than as a result of the Agreements with LHC and LHS. These Agreements prevent Statkus, or any other anesthesiologist, from competing with LAA as to LHC or LHS surgery center patients. Under the Agreements, neither LHC nor LHS can allow Dr. Statkus to treat patients at either the hospital or the surgery center. The Agreements protect LAA's legitimate business interest of providing anesthesia services at LHC and the LHS surgery center. As such, there is no need for the covenant not to compete.

I also find that the covenant is unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood. The covenant would prohibit Dr. Statkus from seeking and treating patients in Loudoun County at any place other than at LHC or the LHS surgery center. LAA is prohibited from doing the same things under the Agreements with LHC and LHS. No evidence was presented to show that patients which might be seen by LAA physicians at LHC or the LHS surgery center by virtue of the Agreements could be seen by Dr. Statkus at another location in Loudoun County.

In his memorandum and his argument, Mr. Zimmerman asserted that Dr. Statkus' intimate knowledge of LAA's workings, such as its billing system and referral system, would give him an advantage in competing with LAA in Loudoun County. However, no facts were stipulated or evidence offered as to such intimate knowledge or such advantage. The burden is upon LAA to show the validity of the covenant. Nothing was presented to show that he had knowledge of any secret business methods of LAA which he could use to its detriment.

If the covenant not to compete were otherwise valid, then I could not find it invalid because of its time and geographic limitations. However, because I find that the restraint is unnecessary, its time and geographical limitations are, therefore, unreasonable.

It is not significant that the parties here were more equal bargaining parties than the typical employer and employee. Whether Dr. Statkus had counsel or was advised to seek counsel when he entered into the Operating Agreement is

not significant either. The validity of the covenant should depend upon the terms of the covenant and the factual circumstances. For the same reason, I do not place any significance on the recitation in the covenant that the parties "agreed that the terms, duration, and geographic extent of this Covenant Not to Compete are reasonable." Such a recitation would have no more significance than a statement that the covenant is legally binding because questions of reasonableness or legal efficacy are ones for a court, and not for the parties, to decide.

Because I find the covenant not to compete to be unreasonable from the standpoint of both the employer (LAA) and the employee (Dr. Statkus), I see no need to address the public policy criteria. However, it does appear to me that the covenant, even if it were valid, would not create a health crisis or deny patients medical care in Loudoun County.