# CIRCUIT COURT OF HENRICO COUNTY

Carol Lawrence

v.

Business Communications
of Virginia, Inc.

May 5, 2000

Case No. CH99-1134

BY JUDGE GARY A. HICKS

In this matter, the Court is asked to determine the validity of an employer's non-competition agreement with its employee.

In 1994, Carol Lawrence began working outside sales for Business Communications of Virginia, Inc. (hereinafter BCV). (R. 13, 14.) BCV is in a very competitive market with other dealers selling cellular phones, pagers, and long distance service. (R. 65.)

Lawrence quickly became the top salesperson for BCV and had substantial customer contact. (R. 18, 32.) While at BCV, Lawrence was also called upon to do a lot of administrative work which included pager billing, bookkeeping, payment of bills, and the recruiting and training of salespeople for BCV. (R. 19.) Lawrence was trusted with the business secrets and compensation plan of BCV (R. 68) and had access to everything in the company. (R. 71.)

Initially, Lawrence was actively recruited from the life insurance business by George Habboush to join BCV and was not required to sign a non-compete covenant. (R. 13, 14.) However, on March 1, 1999, under the threats of being terminated, forbidden to sell new products that come to BCV, or promise to match the commission of all other dealers, (R. 24, 71), Lawrence signed a non-competition agreement. The Agreement provides in relevant part:

2. The undersigned employee covenants and agrees that he or she shall not directly or indirectly engage in a business or other activity generally described as: the sale of and the provision of services for pagers, cellular phones, two-way interactive pagers, and any other product or services sold by the Company *during the duration of this Agreement,* notwithstanding whether the employee's participation shall be as an owner, officer, director, employee, agent, partner or stockholder (except as a passive stockholder in a publicly owned company).

3. The covenant not to compete contained in paragraph 2 shall extend for a radius of fifty (50) miles from any location the Company operates *during the duration of this Agreement.* This Agreement shall remain in full force and effect for the duration of the undersigned employee's employment with the Company and for two (2) years from the date of the termination of the employee's employment relationship with the Company.

(Lawrence Exhibit # 1, 12/20/99.)

Traditionally, the Courts will weigh the following criteria to determine the validity of a non-compete agreement:

1. Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest?

2. From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood?

3. Is the restraint reasonable from the standpoint of a sound public policy?

*Paramount Termite Control Co. v. Rector,* 238 Va. 171, 174, 380 S.E.2d 922 (1989). Noncompetition covenants, which pass these tests in the light of the facts of each case, will be enforced in equity. *Id.* at 174 (citing *Roanoke Eng. Sales v. Rosenbaum,* 223 Va. 548, 552, 290 S.E.2d 882, 884 (1982)).

However, BCV seeks to impose a covenant, which the Court determines to be ambiguous. In fact, it is akin to an amoeba. By having a life wholly unto itself, this covenant may grow more oppressive without restriction day by day, week by week, month by month, or year by year. The thrust of BCV's argument is that the provisions are clear and concise and deserve a plain reading. However, BCV, by the testimony of Mr. Habboush, admits the

ambiguity of the instrument, yet states that this was not their intent in drafting the same. (R. 74, 75.)

As the drafters of the instrument, BCV must be held to the ambiguity and all reasonable inferences must be given to Lawrence. See, e.g., *Baird v. Dodson Brothers Exterminating Co.*, 217 Va. 745, 749, 232 S.E.2d 770 (1977). A non-competition provision in an employment contract that is unambiguous and capable of one reasonable construction will be read according to its plain meaning. *Paramount Termite Control v. Rector*, 238 Va. 171, 380 S.E.2d 922 (1989). However, each contracted provision must be considered in the context of all other contractual provisions. *Clyborne v. McNeil*, 201 Va. 765, 113 S.E.2d 672 (1960); *Worrie v. Boze*, 191 Va. 916, 62 S.E.2d 876 (1951). Accordingly, if one such provision, considered in the context of the other language used in the contract, is capable of more than one reasonable construction, it is ambiguous, and the construction most favorable to the employee is adopted. See, *Iowa Fuel & Minerals, Inc. v. Board of Regents*, 471 N.W.2d 859, 863 (Iowa 1991); cf. *Paramount Termite Control Co.*, 238 Va. at 176.

The restraint is unreasonable because it is greater than necessary to protect BCV's business interests. Admittedly there may be a need, from the standpoint of BCV, to have a restraint due to the competitive nature of BCV's business, the personal contacts by Lawrence, and her knowledge of BCV's secrets which could adversely affect BCV's efforts to continue its business with those customers. Yet, the covenant is too over-broad in protecting any legitimate business interest BCV may have. Under the language in Paragraph 3, BCV does not limit itself to activities similar to the type of business it conducted at the time of Lawrence's employment or termination. The restriction states that Lawrence "shall not directly or indirectly engage in a business or other activity generally described as: the sale of and the provision of services for pagers, cellular phones, two-way interactive pagers and any other product or services sold by the Company during the duration of this Agreement."

BCV argues to the Court that the language of the covenant is unambiguous and deserves a plain reading. BCV further argues that paragraph 3 would only be applicable to the stores that were opened at the time Lawrence was hired. However, the Court is not persuaded by such argument and believes that the covenant is ambiguous. As stated before, any ambiguity must be construed against the drafter of the covenant.

The Court also finds that the BCV non-competition restraint unreasonably restricts Lawrence's right to earn a living since it is both geographically and functionally over-broad. The restraint imposed by BCV against Lawrence is

unduly harsh in scope. Paragraph 3 of the covenant "extends . . . a radius of fifty (50) miles from any location BCV operates during the duration of the Agreement." Lawrence is thus prohibited from competing with any branch of BCV that was not in existence at the time of the agreement and is geographically too cumbersome to Lawrence.

The Court is of the opinion that the "radius of fifty (50) miles" would be applied to any store opened at the time Lawrence was initially employed with BCV and to any stores BCV wishes to subsequently open. Concomitantly, should Lawrence decide to open any store or place of business where she chooses; there is nothing to prevent BCV from opening a store or business in the same area and require Lawrence to move beyond the fifty-mile radius. Therefore, no matter where BCV decides to open a new branch during the two year duration of this Agreement, Lawrence is effectively foreclosed from competing in that particular area.

The restriction, herein, does not apply solely to the areas serviced by Lawrence and does not constrain its limits to when she was employed with BCV. Instead, the restrictions apply to BCV's entire market area both at the time Lawrence left her employment with BCV and at all times thereafter. As a result, BCV may theoretically open more stores in locales where Lawrence has never had customer contact. (R. 17, 74.)

The restriction imposed by BCV against Lawrence is functionally over-broad. The covenant is unspecific and has no limit on the products or services that may be sold by BCV during the duration of the Agreement and bears no relationship to the products or services sold by Lawrence while she was employed with BCV. The covenant not only restricts Lawrence from participating in "business or other activity," but also effectively prohibits her from entering or engaging in "any other product or services" sold by BCV. Before coming to BCV, Lawrence worked as a salesperson in the life insurance industry and, while working for BCV, Lawrence testified, which was denied by BCV, that BCV was also engaged in the area of real estate. (R. 13, 18, 65.) As a consequence of this ambiguity, BCV may effectively engage in "any other product or services" it chooses and prohibit Lawrence from applying herself in any former or future occupation.

Finally, the covenant offends public policy because it restrains Lawrence's trade and promotes BCV as a monopoly. Admittedly, while the field is highly competitive, this agreement far exceeds a reasonable restraint of Lawrence's trade by BCV. Paragraph 3 of the non-competition agreement displays that during the duration of this Agreement, Lawrence is not to compete within a radius of fifty miles from *any* location BCV operates. Therefore, BCV's restriction would effectively operate as a bar regionally,

statewide, nationwide, and worldwide for two years against Lawrence. This is an undue restriction on free competition or otherwise.

Wherefore, in consideration of the criteria established in *Paramount Termite*, the Court rules that the BCV non-competition covenant is unreasonable. More specifically, the covenant is: (1) greater than necessary to protect the legitimate business interests of BCV, (2) from Lawrence's standpoint, unduly harsh and oppressive in limiting her legitimate efforts to earn a livelihood, and (3) is unreasonable from the standpoint of a sound public policy. *Paramount Termite Control Co. v. Rector*, 238 Va. 171, 380 S.E.2d 922 (1989).

The Court overrules BCV's motion to strike.