# CIRCUIT COURT OF HANOVER COUNTY

Specialty Marketing, Inc.

v.

Brunson Lawrence

March 11, 2010

Case No. CL09000928-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Defendant's demurrer. The Court heard argument on the demurrer on February 24, 2010, and took the matter under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel, and the law, the Court finds as follows.

*I. Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Virginia Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attacked, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69. Upon examination and consideration of the exhibits, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997); see

*Dodge v. Randolph-Macon Women's College,* 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008).

## II. Background

Taking all of the allegations in plaintiff's complaint as true, the following facts are relevant to the demurrer. Specialty Marketing, Inc. ("Specialty") is a privately-owned Virginia Corporation located in Mechanicsville, Virginia, in Hanover County. Specialty is a wholesale distributor of consumer home and automotive electronics. Brunson Lawrence began his employment relationship with Specialty on December 4, 1995. His main responsibilities consisted of purchasing and pricing goods, inventory, and dealing with Specialty's manufacturers. In 2000, Lawrence became an account representative responsible for outside sales in North and South Carolina. In addition to his responsibilities as an account representative, Lawrence became a director of Specialty and purchased stock in the corporation in February 2006.

In consideration of the February 2006 stock purchase agreement, Lawrence entered into a confidential disclosure agreement and restrictive covenant ("Agreement") on February 25, 2006, in Hanover County, Virginia. Lawrence's ownership interest with Specialty ended on December 31, 2008, but his employment with Specialty continued until February 4, 2009. The Goldberg Company, Inc. ("Goldberg") hired Lawrence as an account representative on October 1, 2009, and assigned him to cover the states of North and South Carolina. Specialty alleges Lawrence's employment with Goldberg violates the Agreement.

Specialty subsequently filed suit for breach of contract seeking an injunction prohibiting Lawrence from being employed with Goldberg and from violating the February 26, 2006, restrictive covenant for a period of two years following entry of the final judgment order in this suit.

## III. Analysis

The Agreement states, in pertinent part, that:

> Brunson shall not own, manage, operate, control, be employed by, participate in, or be connected in any manner with the ownership, management, operation, or control, whether directly or indirectly, as an individual on his own account or as a partner, member, joint venturer, sole

proprietor, officer, director, or shareholder of a corporation, firm, association, or other entity, of any business competitive with Specialty in areas where Specialty has a market for its business.

(Compl. Ex. 1.)

Defendant argues on demurrer that the breach of contract action should be dismissed because the provisions of the restrictive covenant are overbroad and unenforceable under Virginia law. He asserts the restrictive covenant is illegal because the provisions prohibit work in any capacity for a competitor, prohibit actions by the defendant that would not be in competition with Specialty and in which Specialty has no legitimate business interest, and contain a geographic restriction that is overbroad, ambiguous, and against public policy.

Plaintiff argues in response that the restrictive covenant is appropriate, reasonable, and not overbroad given Lawrence's position within the company at the time he entered into the Agreement.

Under Virginia law, reasonably drafted restrictive covenants are enforceable and the determination of enforceability is a matter of law to be decided by the Court. *Omniplex World Servs. Corp. v. United States Investigations Servs., Inc.*, 270 Va. 246, 249, 618 S.E.2d 340, 342 (2005). However, restrictive covenants are disfavored restraints on trade and thus the employer bears the burden of proof and ambiguities in the contract will be construed in favor of the employee. *Richardson v. Paxton Co.*, 203 Va. 790, 795, 127 S.E.2d 113, 117 (1962). When "the non-compete clause is ambiguous and susceptible to two or more differing interpretations, at least one of which is functionally overbroad, the clause is unenforceable." *Lanmark Tech., Inc. v. Canales*, 454 F. Supp. 2d 524, 531 (E.D. Va. 2006); see also *Omniplex*, 270 Va. at 249.

The employer must meet the burden of proving that "the restraint is no greater than necessary to protect the employer's legitimate business interest, is not unduly harsh or oppressive in curtailing an employee's ability to earn a livelihood, and is reasonable in light of sound public policy." *Modern Environments, Inc. v. Stinnett*, 263 Va. 491, 493, 561 S.E.2d 694, 695 (2002). A non-compete agreement "requires consideration of the restriction in terms of function, geographic scope, and duration." *Simmons v. Miller*, 261 Va. 561, 581, 544 S.E.2d 666 (2001). Courts must not consider these as three separate and distinct issues, but instead consider them together in determining a restrictive covenant's reasonableness under the circumstances of a particular case. *Id.* "While

generally courts should gather factual evidence to determine the reasonableness of a restrictive covenant and to balance the interests of the employee and the employer, some non-competition clauses are so overly broad on their face that a factual hearing is not necessary" and the count which relies upon the illegal clause may be properly dismissed on demurrer. *TradeStaff & Co. v. Nogiec*, 77 Va. Cir. 77, 81 (2008)

Covenants not to compete that prohibit the former employee from performing functions unrelated to the functions performed for the previous employer have not been upheld by the Supreme Court of Virginia. See *Omniplex*, 270 Va. at 250; *Modern Env'ts*, 263 Va. at 495; *Motion Control Sys., Inc. v. East*, 262 Va. 33, 37-38 (2001). Similarly, the geographic scope of a covenant not to compete must be reasonably limited. *Simmons*, 261 Va. at 581-82; see also *Contol, Inc. v. McDaniel*, 2006 U.S. Dist. LEXIS 24648, at *12 (E.D. Va. April 28, 2006). "The Court has most often held that non-compete agreements are enforceable when limited to the area formally serviced by the former employee or within a set mile radius of the area formerly serviced by the former employee." *TradeStaff*, 77 Va. Cir. at 82 (citing *New River Media Group, Inc. v. Knighton*, 245 Va. 367, 368, 429 S.E.2d 25 (1993); *Blue Ridge Anesthesia & Critical Care, Inc. v. Gidick*, 239 Va. 369, 372-74, 389 S.E.2d 467 (1990); *Paramount Termite Control Co. v. Rector*, 238 Va. 171, 175-76, 380 S.E.2d 922 (1989)).

In this case, the non-compete provision expressly states that Lawrence shall not "be employed by ... any business competitive with Specialty." This language is precisely the type deemed overly broad and unenforceable by the Supreme Court of Virginia because it is unlimited in functional scope. The language far exceeds whatever limitation would be necessary to protect Specialty's business interests. Additionally, the restrictive covenant prohibits Lawrence from being employed "in areas where Specialty has a market for its business." Thus, Lawrence could move to Arizona, a state outside those listed in the Complaint that define the area where Specialty has a market for its business, and, if Specialty were to expand its business to the state, then Lawrence would be in violation of the Agreement. The geographic scope is clearly not limited to the area formerly serviced by Lawrence or within a set mile radius of his former territory. As stated in *Lawrence*, "[the non-compete clause] is akin to an amoeba. By having a life wholly unto itself, this covenant may grow more oppressive without restriction day by day, week by week, month by month, or year by year." *Lawrence v. Business Communications of Va., Inc.*, 53 Va. Cir. 102, 103 (2000). Accordingly, the non-compete provision

of the restrictive covenant, as set forth in paragraph 2A of the Agreement, is ambiguous, overbroad, and unenforceable as a matter of law.

Consequently, the Complaint fails to state a cause of action and the demurrer is hereby sustained.

## *IV. Conclusion*

The restrictive covenant is both geographically and functionally overbroad on its face. For the reasons articulated in this letter opinion, the demurrer of the defendant is hereby sustained and the case is dismissed with prejudice.