## CIRCUIT COURT OF ROANOKE COUNTY

Dee Totten

   v.

Employee Benefits
Management, Inc.

November 12, 2002

Case No. CH02-606

BY JUDGE ROBERT P. DOHERTY, JR.

   Plaintiff, a recently terminated insurance sales agent, filed a Bill of Complaint asking for declaratory and injunctive relief, claiming that the noncompetition agreement she had entered into was null and void and asking that Defendant be enjoined from enforcing it against her. She alleges that the agreement is harsh, excessive, vague, overbroad, and contrary to public policy. Defendant, former employer, denies any such infirmities in the contract and has made counter allegations which are not yet ripe for consideration. The Court finds in favor of the Plaintiff insofar as the efficacy of the contract is concerned, thereby making her request for injunctive relief moot.

   The relevant portions of the contract read as follows: "that during the term of Employee's employment with the Company and for a period of twelve (12) months [note: above "twelve (12) months" is the handwritten phrase "twenty four (24)"] following the expiration or termination of Employee's employment with the Company … Employee shall not, without prior written consent of the Company:

(1) Own, or have an ownership interest in, any business which competes with the Company or is engaged in the same or similar business conducted by the Company during Employee's employment within 50 miles of any location where the company is engaging in its business or is planning to engage in its business at the time of Employee's termination of employment;

(2) sell, lease, or provide any products or services that are the same as or functionally equivalent to the products and services sold, leased, or provided by the Company, or accept employment or any contract for services for a person or entity that provides products or services that are the same as or functionally equivalent to the products and services sold, leased, or provided by the Company...."

The agreement's "severability clause" reads in pertinent part:

if any court shall determine that any element of these covenants is overly broad or unenforceable, then such covenants shall be deemed to be applicable and binding only with respect to the period of time, the scope of restricted activities, or within the geographic territory, as the case may be, which is deemed by such court to be reasonable, and Employee agrees that such covenants shall be construed and/or reformed by the court so as to be judged reasonable and enforceable."

*Non-Competition Agreement*

Any examination of a non-competition agreement in Virginia starts with the scales tilted in favor of the employee as "covenants in restraint of trade are not favored, will be strictly construed, and, in the event of an ambiguity, will be construed in favor of the employee." *Modern Environments, Inc. v. Stinnett*, 263 Va. 491, 493 (2002). When analyzing a non-competition agreement, the Court also considers whether its scope is greater than necessary to protect a legitimate business interest, whether it is harsh and oppressive in preventing the employee from earning a living, and whether the restraint violates public policy. These considerations are applied to the contract's duration, territory, and restricted activities. *Simmons v. Miller*, 261 Va. 561, 580-81 (2001).

A review of the excerpted portions of the contract shows that its time limitation is so ambiguous that it appears as though a meeting of the minds never occurred. The handwritten span of time change was not initialed by the

parties, assuming it was on the document when it was signed, nor was one of the opposing times crossed out. It is impossible to determine the duration intended by the parties.

Both of the non-competition clauses written above are too broad and vague in scope to be binding. The first clause prevents the Plaintiff from competing within fifty miles of anywhere the Defendant may be "planning to engage in its business." That could be anywhere in the world, creating a business area too large to be protected by this contract. The second clause makes no attempt at geographic limitation. It also is global in scope.

In addition, when read together, these two clauses overly restrict the Plaintiff from engaging in areas of gainful employment that are not reasonably related to the business interest intended to be protected. The contract effectively prevents the Plaintiff from working in a non-competing field if employed by a competitor, or if employed by any large corporation that has an insurance or banking division. It may also prevent the Plaintiff from purchasing, or receiving as compensation or by gift, certain nationally traded common stocks, bonds, or commercial paper. See *Modern Environments, Inc.*, 263 Va. at 495.

In summary, this non-competition agreement prohibits more activities than are necessary to protect a legitimate business interest of the Defendant. Its duration is either too vague or non-existent and it is improperly global in scope. Plaintiff's future hopes to earn a living are unreasonably limited by the onerous and overly restrictive provisions of the contract. When read in its entirety, the agreement constitutes a prohibited restraint on trade, violates the public policy of this Commonwealth, and is unenforceable. Plaintiff's request for injunctive relief is therefore unnecessary.

### Severability Clause

A severability clause allows the Court, under certain circumstances, to eliminate and construe independent clauses in an agreement separately from one another. That clause in this contract does not allow severance of non-conforming passages, but instead asks the Court to rewrite legally offensive portions of the contract. This invitation to engage in the actual drafting of the agreement so as to bind the parties to something they never contemplated is declined. "Courts will not rewrite contracts; parties to a contract will be held to the terms upon which they agreed." *American Standard Homes Corp. v. Reinecke*, 245 Va. 113, 122 (1993). This clause is not a severability clause and is of no legal force or effect.