## CIRCUIT COURT OF ROANOKE COUNTY

Cordelia B. Totten

v.

Employee Benefits
Management, Inc.

January 21, 2003

Case No. CH02-606

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff, the former employee of an insurance business, filed her Bill of Complaint to enjoin Defendant, her former employer, from enforcing a confidentiality and non-competition agreement against her. In its letter opinion of November 12, 2002,[1] this Court found that the non-compete terms of the contract were unenforceable. The issues now before the Court are whether the provisions dealing with confidentiality and with the solicitation of former customers are enforceable and whether the unenforceable portions of the contract can be severed. Plaintiff contends that each portion of the contract is dependent on the other and the failure of one provision defeats the entire agreement. Defendant argues that the intent of the parties is clear from the language of the contract and that the parties expected severability of any unenforceable provisions. The Court finds that the contract provisions are

---

[1] 60 Va. Cir. 342. [Reporter's Note]

severable; the sections dealing with confidentiality are enforceable and those portions dealing with solicitation of former customers are unenforceable.

*Severability*

The question of whether a contract is entire or severable is dependent upon the intention of the parties as illustrated by the contract language and by the subject matter of the contract. "The contract is to be construed as a whole, and no word or clause is to be treated as meaningless if any reasonable meaning consistent with the other parts of the contract can be given to it." *Vega v. Chattan Associates*, 246 Va. 196, 199, 435 S.E.2d 142 (1993). When conducting such a study, consideration is also given to the situation of the parties and the purpose they sought to achieve. Looking at the contract as a whole, and specifically reviewing the language of that portion of the contract entitled *Severability*, despite the fact that it is an unenforceable "blue pencil" provision rather than a true severability clause, the Court finds that it was the intent of the parties to preserve the balance of the agreement in the event that some portions were found to be void. *Roto-Die Co. v. Lesser*, 899 F. Supp. 1515, 1523 (W.D. Va. 1995). The unenforceable portions of this contract will be severed. The remainder of the agreement may be enforced.

*Enforceability of Confidentiality Clause*

The nondisclosure of confidential business information represents an important commercial interest protected by the law. In this instance, the contract prohibits disclosure of certain proprietary information of the employer, including customer lists, rate structures, manuals, reports, proprietary programs, and charges for services. These are logical areas of concern for the employer. The prohibition is reasonable in the sense that it is no greater than is necessary to protect the employer's legitimate business interests, nor is it harsh and oppressive in preventing the employee from earning a living, and it is not in restraint of trade or violative of public policy. *Roanoke Eng. Sales v. Rosenbaum*, 223 Va. 548, 552, 290 S.E.2d 882 (1982). Accordingly, the Court finds the confidentiality provisions of the contract to be enforceable.

*Enforceability of Non-Solicitation Clause*

The non-solicitation provisions in this contract are subsections of the non-competition clause earlier determined by this Court to be void and unenforceable. In order to be enforceable, a non-solicitation clause must be

reasonable in terms of its duration, geographic area, and scope. *Paramount Termite Control Co. v. Rector*, 238 Va. 171, 174-75, 380 S.E.2d 922 (1989). The restrictions here are both uncertain as to time and overly broad as to scope. They suffer from the same infirmities as the non-competition portion of the contract earlier struck down. At their best, they contain ambiguities that must be construed against the employer. At their worst, they form a part of the non-competition clause and are dependent upon its efficacy for their survival. The non-solicitation portions of this contract are void and unenforceable.