# NEW RIVER MEDIA GROUP, INC.

## v.

# DAVID COLLINS KNIGHTON

Record No. 921138

April 16, 1993

Present: All the Justices

*Marcus H. Long, Jr. (Darrell L. Tillar; Long, Long & Tillar*, on brief), for appellant.
*Byron R. Shankman* for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The dispositive issue in this appeal is whether an employer-employee noncompetition agreement is valid and enforceable.

Prior to February 3, 1992, David Collins Knighton had been employed by New River Media Group, Inc. (New River) as a radio disc jockey and operations manager of Radio Station WPSK in the Town of Pulaski. On that date, New River terminated Knighton's employment, and the parties entered into a written, noncompetition agreement.

The agreement provided, *inter alia*, that, in consideration of $2,000 paid to Knighton by New River, Knighton covenanted that, for a period of 12 months, he would not engage in a business that competed with New River within 60 air miles of New River's broadcast station. The agreement further provided that, in the event Knighton breached the covenant, New River would be entitled to an injunction restraining him from engaging in the proscribed business. At the time the agreement was executed, a cashier's check in the amount of $2,000 was delivered to Knighton.

On February 17, 1992, Knighton obtained employment at a radio station in the City of Radford and returned the $2,000 check to New River. The Radford station is located within the 60-mile radius of New River's station, and both stations play country music and attract the same advertisers. The Radford station is New River's "most direct competitor in the area."

On February 21, 1992, New River filed a chancery suit seeking to enjoin Knighton from working at the Radford radio station. In his answer, Knighton admitted the material allegations in New River's bill of complaint but denied that New River was entitled to an

injunction. Additionally, Knighton filed a cross-bill, alleging that the agreement was "unreasonable and oppressive" and, therefore, "void and unenforceable." Knighton sought compensatory and punitive damages.

The trial court ordered an issue out of chancery, Code § 8.01-336(E), and the cause, therefore, was tried before a jury. At the conclusion of New River's case-in-chief, the trial court struck New River's evidence and allowed the cause to proceed on Knighton's cross-bill, all over New River's objection. The jury returned a verdict in favor of Knighton in the amount of $15,000, and the trial court, over New River's objection, entered judgment on the verdict. New River appeals.

 In determining whether a noncompetition agreement is valid and enforceable, we apply the following criteria:

(1) Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest?

(2) From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood?

(3) Is the restraint reasonable from the standpoint of a sound public policy?

*Roanoke Eng. Sales* v. *Rosenbaum*, 223 Va. 548, 552, 290 S.E.2d 882, 884 (1982); *accord Blue Ridge Anesthesia* v. *Gidick*, 239 Va. 369, 371-72, 389 S.E.2d 467, 468-69 (1990); *Richardson* v. *Paxton Company*, 203 Va. 790, 794, 127 S.E.2d 113, 117 (1962). Therefore, a noncompetition agreement that passes this three-part test, "in the light of the facts of each case," will be enforced in a court of equity. *Gidick*, 239 Va. at 372, 389 S.E.2d at 469; *Rosenbaum*, 223 Va. at 552, 290 S.E.2d at 884.

The facts in the present case are not in dispute. New River owns Radio Station WPSK-FM, a country music radio station that broadcasts primarily in the New River Valley area. The radius of the station's signal strength is about 60 miles.

Knighton was New River's morning announcer and had the highest profile of any of its personalities. New River had "invested substantial time and money in promoting [Knighton] as an air personality." Additionally, Knighton supervised other radio announcers and

"coordinated technical issues" with New River's engineering staff. He also was involved in developing promotions and contests and in producing commercials. Clearly, Knighton had been a valued employee.

■ From these undisputed facts, we conclude that each of the three criteria has been satisfied. The agreement is reasonable from New River's standpoint, and it is "no greater than is necessary to protect" New River's legitimate business interests. The restraint is also reasonable from Knighton's standpoint. The 60-mile, 12-month limit is not unduly harsh and oppressive in diminishing Knighton's legitimate efforts to earn a living. Finally, nothing in the record suggests that enforcement of the agreement would be unreasonable from a public-policy standpoint.

Accordingly, we hold that the trial court erred in ruling that the agreement was void and in refusing to grant the injunction. Therefore, we will reverse the decree and vacate the judgment in favor of Knighton. We will remand the cause to the trial court for entry of a decree enjoining Knighton from violating the noncompetition agreement for a period of 12 months from the date of the entry of the decree, subject to credit for such time as may be due Knighton by reason of the trial court's entry of a temporary injunction, *see* *Rosenbaum*, 223 Va. at 556, 290 S.E.2d at 887, and directing New River to pay Knighton the $2,000.*

*Reversed and remanded.*

---

*By order entered March 16, 1992, *nunc pro tunc* to March 2, 1992, the trial court temporarily enjoined Knighton from working at the Radford radio station.