# CIRCUIT COURT OF ROCKINGHAM COUNTY

Cliff Simmons Roofing, Inc.

v.

Richard W. Cash

June 4, 1999

Case No. (Chancery) CH99-17308

BY JUDGE JOHN J. MCGRATH, JR.

In this case, Cliff Simmons Roofing, Inc., a Virginia corporation, brings a Bill of Complaint and an Application for a Temporary Injunction to enjoin the Defendant from engaging in the roofing business. Cliff Simmons Roofing, Inc., alleges in its Bill of Complaint that it is a Virginia corporation which installs and repairs roofing and roofing materials in the Harrisonburg area and in Rockingham County and Augusta County, Virginia. The Defendant was a nine-year employee of the Plaintiff, who terminated his employment in October of 1998.

In March of 1998, the Defendant had signed an "Employee Non-Compete Agreement" which provided in pertinent part as follows:

> The undersigned employee hereby agrees not to directly or indirectly compete with the business of the company and its successors and assigns during the period of employment for a period of one year following termination of employment and notwithstanding the cause or reason for termination.
>
> The term "not compete" as used herein shall mean that the employee shall not own, manage, operate, consult or to be employee in a business substantially similar to or competitive with the present business of the company or such other business activity in which the company may substantially engage during the term of employment.

The Defendant has filed a Demurrer to the action alleging, *inter alia*, that the Non-Compete Agreement is unreasonable and unenforceable as a matter of public policy. The Defendant's allegation is that although the agreement is restricted to a one-year period of time, the substance of the agreement prevents the employee from being employed by any company throughout the United States which conducts a business substantially similar to that conducted by the Defendant. This prohibition, alleges the Defendant, runs beyond the bounds of reason particularly in light of the fact that the Plaintiff itself alleges that it only competes in the Harrisonburg/Rockingham County/Augusta County market area.

The law on restrictive covenants has been repeatedly stated by the Supreme Court and is well summarized in *New River Media Group, Inc. v. Knighton*, 245 Va. 367 (1993), in which it was stated that:

> In determining whether a non-competition agreement is valid and enforceable, we apply the following criteria: (1) Is the restraint from the standpoint of the employer reasonable in the sense that it is not greater than is necessary to protect the employer in some legitimate business interest? (2) From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood? (3) Is the restraint reasonable from the standpoint of a sound public policy?

*Id.* at p. 369.

The Court has heard testimony *ore tenus* as to the position held by the Defendant when employed by the Plaintiff corporation. After examining the applicable case law, the Court concludes that the Non-Competition Agreement signed in this case is clearly unenforceable. It has absolutely no geographic boundaries, and it would prevent the Defendant from going to work for any roofing company in the United States. Moreover, it would even prevent the Defendant from going to work for a roofing company located in the Harrisonburg/Rockingham County/Augusta County area even if he were to be employed in a position in which he could not utilize confidential information and in which he did not play a role in competing with his former employer, e.g., as a janitor for a local roofing company, as a stock clerk for a local roofing company, etc. See, e.g., *Pais v. Automation Products, Inc.*, 36 Va. Cir. 230 (City of Newport News 1995).

Moreover, although Plaintiff argues that the real intention of the parties was to prevent the Defendant from competing with the Plaintiff in the

competitive market place where the Plaintiff does business and that that is the only injunction they are asking be entered, such a request for limited relief cannot cure what is otherwise a defective non-competition agreement. Because non-competition agreements by definition restrict competition which is considered to be the norm of a free market, any restriction upon competition must be strictly construed against the employer. See, e.g., *Grant v. Garstok, Inc.*, 737 F.2d 410 (4th Cir. 1984). As Judge Frank said in *Pais v. Automation Products, Inc.*, "[T]his court has not been granted the authority to 'blue pencil' or otherwise rewrite the contract; the covenants therefore fail." Similarly in this case, the Court declines to edit by selective enforcement what is otherwise an invalid restriction on competition. Therefore, Defendant's Demurrer is sustained.