PRESENT: All the Justices

MODERN ENVIRONMENTS, INC.

v.  Record No. 011268     OPINION BY JUSTICE ELIZABETH B. LACY
                                      April 19, 2002
JOHNETTA R. STINNETT


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      Frederick B. Lowe, Judge

     In this appeal, an employer contends that the trial court

erred in holding that a covenant not to compete prohibiting a

former employee from being employed in any capacity by a

competitor is over-broad and unenforceable.

     Johnetta R. Stinnett worked as a salesperson for Modern

Environments, Inc. (Modern) from 1995 until the fall of 2000.

Modern is in the business of selling and installing office

furniture.  In April 2000, Stinnett signed an employment

agreement with Modern that contained a one year non-compete

clause.  Within one year after leaving Modern's employ,

Stinnett accepted employment with a company that was a

competitor of Modern.  Modern notified Stinnett and her new

employer by letter that Stinnett's employment with the

competitor violated the non-compete clause and that legal

action would be instituted unless Stinnett terminated her new

employment.

     Stinnett filed a declaratory judgment action seeking a

declaration that the non-compete provisions of her employment

contract were unenforceable because they were over-broad and contrary to public policy.[1]  Modern responded by filing a demurrer and cross-bill seeking an injunction against Stinnett's further employment in violation of the non-compete clause.  Following briefing and argument of counsel, the trial court entered an order reciting that "for reasons stated on the record," the restrictive covenants in the employment agreement are "over-broad and unenforceable as a matter of law."  We awarded Modern an appeal.

This Court evaluates the validity and enforceability of restrictive covenants in employment agreements using well settled principles.  First, covenants in restraint of trade are not favored, will be strictly construed, and, in the event of an ambiguity, will be construed in favor of the employee. Richardson v. Paxton Co., 203 Va. 790, 795, 127 S.E.2d 113, 117 (1962).  Second, the employer bears the burden to show that the restraint is no greater than necessary to protect a legitimate business interest, is not unduly harsh or oppressive in curtailing an employee's ability to earn a livelihood, and is reasonable in light of sound public policy. Roanoke Engineering Sales Co., Inc. v. Rosenbaum, 223 Va. 548, 552, 290 S.E.2d 882, 884 (1982).  Finally, each case must be

---

[1] The question whether the invocation of the declaratory judgment statute was proper in this case has not been raised

2

determined on its own facts.  Id.; Meissel v. Finley, 198 Va.

577, 579, 95 S.E.2d 186, 188 (1956).

The provision of the employment agreement at issue

states:

> Employee agrees that for as long as Employee remains
> employed by the company, and for a period of one (1)
> years [sic] after Employee's employment with the
> Company ceases, Employee will not (i) directly or
> indirectly, own, manage, operate, control, be
> employed by, participate in or be associated in any
> manner with the ownership, management, operation, or
> control of any business similar to the type of
> business conducted by the company or any of its
> affiliates (a "competing business"), which competing
> business is within a fifty (50) mile radius of the
> home office or any business location or locations of
> the Company or any of its affiliates at which
> Employee worked.

(emphasis added).

Modern asserts that the trial court erred by declaring

that the covenant not to compete was facially over-broad

because it prevented the former employee from working in any

capacity for a competitor of her former employer.[2]  This

assertion is based on Modern's position that this Court has

previously enforced identical or similar language in other

employment agreements and has not held such language to be

over-broad.  Modern cites the following cases in support of

---

and we express no opinion in that regard.
    [2] The trial court's rationale is not expressed in the
final order; however, Modern's characterization of the basis
for the holding is consistent with the record and is not
contested by Stinnett.

its position:  Rash v. Hilb, Rogal & Hamilton Co., 251 Va. 281, 285, 467 S.E.2d 791, 794 (1996) (employee "shall not directly or indirectly as an . . . employee . . . or other participant . . . engage in any manner in any" competing business); New River Media Group, Inc. v. Knighton, 245 Va. 367, 368, 429 S.E.2d 25, 26 (1993) (employee "would not engage in a business that competed"); Blue Ridge Anesthesia & Critical Care, Inc. v. Gidick, 239 Va. 369, 370, 389 S.E.2d 467, 468 (1990) (employee will not "be employed by" any competitor); Paramount Termite Control Co., Inc. v. Rector, 238 Va. 171, 172, 380 S.E.2d 922, 924 (1989)(employee "will not engage . . . in the carrying on or conducting the business of" former employer); Roanoke Engineering, 223 Va. at 551, 290 S.E.2d at 883 (employee will not "directly or indirectly . . . be employed by" any competing business); and Meissel, 198 Va. at 579, 95 S.E.2d at 187 (employee will not "enter into the insurance business . . . or associate himself or herself with any" insurance agency).  In light of the holdings in these cases, Modern concludes that the restrictive language at issue here is reasonable and not over-broad as a matter of law.

In the cases relied upon by Modern, however, this Court did not limit its review to considering whether the restrictive covenants were facially reasonable.  The Court examined the legitimate, protectable interests of the

4

employer, the nature of the former and subsequent employment of the employee, whether the actions of the employee actually violated the terms of the non-compete agreements, and the nature of the restraint in light of all the circumstances of the case. The language of the non-compete agreement was considered in the context of the facts of the specific case. In no case did the Court hold that the language contained in the restrictive covenant at issue was valid and enforceable as a matter of law under all circumstances.

Furthermore, in only one case cited by Modern was the reasonableness of a restrictive covenant challenged on the basis that it precluded a former employee from any type of employment with a competitor. In that case, the restrictive covenant was determined to be reasonable because another provision in the non-compete agreement specifically allowed the employee to work in the employer's industry in a non-competing "role." Blue Ridge, 230 Va. at 370-71, 389 S.E.2d at 468. The restrictive covenant in this case does not include a similar provision. Thus, although the issue before us was also raised in Blue Ridge, the determination that the non-compete provisions were enforceable provides no support for Modern's position in this case.

Based on this review, we reject Modern's assertion that our holdings in these prior cases require the conclusion that

5

as a matter of law the language at issue is reasonable and not over-broad. A conclusion that the restrictive covenant is a reasonable restraint must rest on other grounds. However, no other grounds were advanced by Modern in this case.

Modern's sole contention is that it met its burden of showing that the restrictive covenant is reasonable because the time and geographic limitations are reasonable and because Stinnett is only prohibited from working for Modern's competitors. Other than the bald statement in its brief that the non-compete agreement "is reasonable and no greater than necessary to protect Modern's legitimate business interests," Modern offers neither argument nor evidence of any legitimate business interest that is served by prohibiting Stinnett from being employed in any capacity by a competing company. [3] Compare Paramount Termite and Roanoke Engineering. In the absence of any justification for imposing the instant restraint on an employee's ability to earn a livelihood, Modern has not carried its burden of showing that the restrictive covenant at issue is reasonable and no greater than necessary to protect a legitimate business interest. [4]

---

[3] The record establishes that Stinnett was a salesperson while employed by Modern and that she was subsequently employed by a competitor of Modern, but is silent as to the nature of Stinnett's employment with her new employer.

[4] Although the case originated as a declaratory judgment proceeding, Modern, as the employer, had the burden to produce

Accordingly, we will affirm the judgment of the trial court.

<u>Affirmed.</u>

---

evidence of reasonableness because the contract is in restraint of trade, <u>Roanoke Engineering</u>, and the success of its cross-bill depended on its ability to demonstrate the reasonableness of the clause.