## CIRCUIT COURT OF FAIRFAX COUNTY

Anteon Corp.

    v.

BTG, Inc.

                Case No. (Chancery) 182218

BTG, Inc.

    v.

Anteon Corp.

                Case No. (Chancery) 177204

May 6, 2003

BY JUDGE KATHLEEN H. MACKAY

This matter came before the Court on Anteon's Motion to Vacate or Modify Arbitration Award in Part and on BTG's Motion to Confirm Arbitration Award.

### I. *Factual Background*

On January 22, 2003, Anteon filed its Motion to Vacate or Modify Arbitration Award in Part (Chancery No. 182218). On the same day, BTG filed its Motion to Confirm Arbitration Award (Chancery No. 177204). On January 24, 2003, Judge Wooldridge consolidated these cases with the parties' consent. The underlying Subcontract between the parties called on Anteon to subcontract certain work to BTG. It is alleged that Anteon attempted to hire some of BTG's employees performing that work in an attempt to do the work

itself. As per the Subcontract, the matter was submitted to an arbitrator who issued a binding Award of Arbitration.

There is only one disputed stipulation in the Award of Arbitration. The stipulation states:

> Anteon, its agents, employees, consultants, and all persons acting for and on behalf of Anteon are permanently enjoined from interviewing, offering employment to, hiring, or otherwise soliciting BTG employees currently employed by BTG on behalf of the STRICOM battle simulation work.

(Mem. in Supp. of Mot. to Vacate or Modify, Ex. 2.)

Anteon wants this sentence deleted from the Award. It calls this request for modification merely a correction. (Mem. in Supp. of Mot. to Vacate or Modify at 10.) Otherwise, Anteon is willing to abide by the Award of Arbitration. BTG wants the Award of Arbitration confirmed in its entirety, including the above stipulation.

## II. *Analysis*

The Virginia Uniform Arbitration Act (VUAA), like the Federal Arbitration Act (FAA), allows for the vacation of an arbitration award when the arbitrator has awarded upon a matter not submitted to her. 9 U.S.C. § 11; Va. Code Ann. § 8.01-581.011. When the previous finding is made, the Court may elect to modify, instead of vacate, an award if it can do so without affecting the merits of the decision. In contrast, if the Court finds that the arbitrator exceeded her power, it can only vacate the award. 9 U.S.C. § 10; Va. Code Ann. § 8.01-581.010. However, under the VUAA, when the Court finds that the arbitrator exceeded her powers, it may order a rehearing with the same arbitrator to fix the offending language. Va. Code Ann. § 8.01-581.010. There is no question that under both the VUAA and the FAA, courts have uniformly recognized an extremely high burden faced by parties seeking to vacate or modify arbitration awards. Indeed, the scope of review of an arbitrator's award is "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all." *Apex Plumbing Supply v. United States Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998).

In that light, the Court examined separately the two issues raised by the parties regarding the Award of Arbitration. First, the Court reviewed the issue

of the prohibition on Anteon "from interviewing, offering employment to, hiring, or otherwise soliciting BTG employees currently employed by BTG on behalf of the STRICOM battle simulation work." Second, the Court reviewed the issue of the injunction's being perpetual in nature.

## A. *Injunction from Hiring BTG's Employees*

Anteon argues that the Award's restriction on Anteon's ability to employ some of BTG's employees was an award upon a matter not submitted to the arbitrator, which would allow the Court to modify the award under both the FAA and the VUAA. *See* 9 U.S.C. § 11; Va. Code Ann. § 8.01-581.011. Since BTG only requested "injunctive relief requiring Anteon to comply with its contractual obligations" (BTG's Demand for Arbitration: Claim or Relief Sought) and the Subcontract allowed for hiring of employees from BTG, Anteon alleges the issue of hiring was not before the arbitrator.

However, this Court only needs to determine whether the Arbitrator "had the power to resolve the parties' contractual claims." *SIGNAL Corp. v. Keane Federal Systems, Inc.*, 265 Va. 38, 574 S.E.2d 23, 256-57 (2003). The fact that an arbitrator's conclusions may be even questionable or the fact that her decision "is not based on the agreement's express terms does not mean that [her Award] is not properly derived from the agreement." *Apex Plumbing Supply v. United States Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998). An arbitration award does not exceed the arbitrator's authority "as long as it draws its essence from" the agreement. *Roy Stone Transfer Corp. v. Teamsters, Chauffeurs, Warehousemen, and Helpers Local Union No. 22*, 752 F.2d 949, 951 (4th Cir. 1985). The main issue in dispute here was Anteon's alleged violation of the non-solicitation clause. Thus, the issue of interviewing and hiring does indeed draw its essence from the solicitation clause in the agreement. Therefore, vacation or modification of the Award of Arbitration is not allowed under the argument raised by Anteon that this matter was not submitted to the arbitrator. In fact, wrongful solicitation and hiring was the essence of the matter presented to the arbitrator.

## B. *Non-hiring Injunction in Perpetuity*

Anteon argues, and BTG conceded during oral argument in court, that the stipulation that Anteon cannot ever hire any of BTG's current employees working on the STRICOM battle simulation project, even twenty years after

they resign or are laid off, is against Virginia's public policy. Furthermore, just two months ago, the Virginia Supreme Court reiterated that an employee has the right, although not absolute, to make arrangements even during his employment to compete with his employer after resigning his or her post. *Williams v. Dominion Technology Partners*, 265 Va. 280, 576 S.E.2d 752 (2003). This right is based on a policy of free competition, which must be balanced with the importance of the integrity and fairness attaching to the relationship between employer and employee. *Id.* In our case, there is no balancing of the rights of the employees who were not a party to the arbitration proceedings or could have even imagined when hired that this injunction in perpetuity, which restricts their rights forever, could be imposed on them.

BTG argues that being against Virginia's public policy is not one of the limited reasons for the vacation of an award. However, there are instances in which an arbitrator exceeds her powers by issuing an award of arbitration that goes against Virginia's public policy.

BTG relied on *Therapy Svcs. v. Crystal City Nursing Center*, 239 Va. 385, 389 S.E.2d 710 (1990), for the proposition that it is not against Virginia's public policy for two companies to contract not to hire or solicit each other's employees during the term of the contract. However, in the same breath, the Supreme Court of Virginia in *Therapy Svcs.* clearly held that the provision described above was a contract in restraint of trade that would be held void as against public policy if it is unreasonable as between the parties or is injurious to the public. *Id.* at 388-89. Just last year, the Supreme Court of Virginia held that a non-solicitation clause must be narrowly tailored, as "covenants in restraint of trade are not favored" and are to be "strictly construed." *Modern Environments, Inc. v. Stinnett*, 263 Va. 491, 493, 561 S.E.2d 694 (2002). Clearly, a non-solicitation or hiring clause in perpetuity violates Virginia's public policy.

In making the non-solicitation or hiring provisions perpetual in nature, the arbitrator exceeded the powers granted to her under the Subcontract. Conceivably, the Subcontract did not include a non-solicitation clause of unlimited duration to avoid having the entire clause stricken in subsequent litigation as being too restrictive of trade, too harsh, or against Virginia's public policy. *Modern Environments, Inc.*, 263 Va. at 493. The parties would have exceeded their contractual authority if they had included a non-hiring provision perpetual in nature. Similarly, the arbitrator exceeded her authority in making her injunction in restraint of trade perpetual in nature.

### III. *Conclusion*

The Court cannot modify an arbitration award because the arbitrator exceeded her powers. However, what the Court can do is order a rehearing before the arbitrator who made the award to review the issue in question. Virginia Code § 8.01-581.010. For the foregoing reasons, the Court orders such a rehearing with emphasis to be placed on the issue of the duration of the non-soliciting/hiring stipulation.