Present:   All the Justices

NIPUN PARIKH, M.D.
                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 060934              March 2, 2007

FAMILY CARE CENTER, INC.

            FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                    Herman A. Whisenant, Jr., Judge

        In this appeal, we consider whether a corporation, which

is not a professional corporation, has a legitimate business

interest in enforcing a covenant not to compete with its

former employee, a licensed physician.

        The Family Care Center, Inc., filed its amended motion

for judgment against Nipun O. Parikh, M.D., alleging that Dr.

Parikh, its former employee, breached a covenant not to

compete with the Family Care Center.  Dr. Parikh filed a

motion to dismiss asserting that the Family Care Center is not

a professional corporation, that it is not licensed to

practice medicine in Virginia, and that, therefore, the Family

Care Center has no legitimate business interest in the

enforcement of the covenant not to compete.  The circuit court

denied the motion, and the case was tried before the court.

        At the conclusion of a bench trial, the circuit court

held that the Family Care Center was entitled to enforce the

covenant not to compete and that Dr. Parikh had breached that

covenant.  The circuit court entered a judgment in favor of

the Family Care Center in the amount of $210,000.  Dr. Parikh appeals.

The facts relevant to our resolution of this appeal are not disputed.  On July 27, 1993, Nipun Parikh, a physician licensed to practice medicine in this Commonwealth, entered into an employment agreement with the Family Care Center, Inc. At the date of the execution of the employment agreement, the Family Care Center was a professional corporation, and Dennis E. Burns, M.D., was its sole director and shareholder.

The employment agreement states that the Family Care Center "is presently engaged in the practice of medicine in Lynchburg, Virginia, and [Dr. Parikh] is a duly qualified physician."  Further, the employment agreement stated Dr. Parikh would "assist [Family Care Center] in the practice of medicine."

The employment agreement contains the following provision:

> "No Compete Clause.
>     "Upon termination of employment for any reason and for a period of three years thereafter, Employee agrees to pay employer ten thousand dollars each month employee is engaged in a competing practice of General Practice, Family Medicine Ambulatory Care or General Internal Medicine within a radius of twenty miles measured from the offices of the Employer."

In 2003, Dr. Dennis Burns died in an automobile accident. Karen Fear Burns, his widow, became the sole shareholder and

president of the Family Care Center. Karen Burns is not licensed to practice medicine. Pursuant to the provisions of Code § 13.1-552(B), Family Care Center converted from a professional corporation to a non-professional corporation by operation of law upon Dr. Burns' death. After the death of Dr. Burns, the Family Care Center continued to employ Dr. Parikh and another physician who are engaged in the practice of general medicine, family medicine, ambulatory care, and internal medicine. The record does not reflect that the Family Care Center now holds, or at any time in its corporate existence has held, a license to practice medicine.

On December 31, 2003, Dr. Parikh terminated his employment with the Family Care Center. He obtained employment as a physician with the Physicians Treatment Center, which is located within one mile of the Family Care Center. Physicians employed by the Physicians Treatment Center engage in the same or similar general practice of medicine as the physicians employed by the Family Care Center.

Dr. Parikh argues that the circuit court erred by enforcing the covenant not to compete. He asserts that the Family Care Center cannot "engage in the practice of medicine" in Virginia because it does not have a license to practice medicine in this Commonwealth. As a consequence, he contends

that the Family Care Center does not have a legitimate business interest in enforcing the covenant not to compete.

Responding, the Family Care Center asserts that it may render medical services and treatment through licensed physicians it employs and has a legitimate business interest in the enforcement of the covenant not to compete. During oral argument, and for the first time, the Family Care Center asserted that Code § 13.1-542.1(3) provides the basis to sustain its enforcement of the covenant not to compete as a legitimate business interest.

The standards that we apply in the resolution of this appeal are well established. The interpretation of the contract between Dr. Parikh and the Family Care Center presents a question of law. City of Chesapeake v. States Self-Insurers Risk Retention Group, Inc., 271 Va. 574, 578, 628 S.E.2d 539, 541 (2006); Bentley Funding Group, L.L.C. v. SK&R Group, L.L.C., 269 Va. 315, 324, 609 S.E.2d 49, 53 (2005). The contract must be construed as written, without adding terms that were not included by the parties, and when the terms in a contract are clear and unambiguous, the contract must be construed according to its plain meaning. States Self-Insurers, 271 Va. at 578, 628 S.E.2d at 541.

A covenant not to compete between an employer and an employee will be enforced if the covenant is narrowly written

4

to protect the employer's legitimate business interest, is not unduly burdensome on the employee's ability to earn a living, and does not violate public policy.  Omniplex World Services Corp. v. US Invest. Services, Inc., 270 Va. 246, 249, 618 S.E.2d 340, 342 (2005); Modern Environments, Inc. v. Stinnett, 263 Va. 491, 493, 561 S.E.2d 694, 695 (2002); Simmons v. Miller, 261 Va. 561, 580-81, 544 S.E.2d 666, 678 (2001).  Restrictive covenants are disfavored restraints on trade and, therefore, the employer bears the burden of proof and any ambiguities in the contract will be construed in favor of the employee.  Simmons, 261 Va. at 581, 544 S.E.2d at 678.

We have recently stated that "[e]ach non-competition agreement must be evaluated on its own merits, balancing the provisions of the contract with the circumstances of the businesses and employees involved."  Omniplex World Services, 270 Va. at 249, 618 S.E.2d at 342.  The issue whether a covenant not to compete is enforceable is a question of law that we review de novo.  Id.; Motion Control Systems, Inc. v. East, 262 Va. 33, 37, 546 S.E.2d 424, 426 (2001); Simmons, 261 Va. at 581, 544 S.E.2d at 678.

The dispositive question in this appeal is whether the Family Care Center has a legitimate business interest in enforcing the covenant not to compete under the terms of the employment agreement.  Thus, we must consider whether the

5

Family Care Center, a non-professional corporation, may lawfully engage in the practice of medicine in Virginia, as set forth in the employment agreement. We also consider whether the Family Care Center may enforce the terms of the restrictive covenant against Dr. Parikh as a competitor in the practice of medicine who has breached his employment agreement.

Code § 54.1-2929 states: "No person shall practice or hold himself out as qualified to practice medicine . . . without obtaining a license from the Board of Medicine as provided in this chapter." Code § 54.1-2902 states in part: "It shall be unlawful for any person to practice medicine . . . in the Commonwealth without a valid unrevoked license issued by the Board of Medicine." Code § 54.1-111(A) also states:

> "It shall be unlawful for any person, partnership, corporation or other entity to engage in any of the following acts:
> "1. Practicing a profession or occupation without holding a valid license as required by statute or regulation."

Code § 13.1-542.1, upon which the Family Care Center relies to support its position, states in relevant part:

> "Unless otherwise prohibited by law or regulation, the professional services defined in subsection A of § 13.1-543[1] may be rendered in this Commonwealth by:

---

[1] Code § 13.1-543(A)(3) states in relevant part:

. . . .

>"3.  A corporation organized pursuant to the provisions of Chapter 9 (§ 13.1-601 et seq.) or Chapter 10 (§ 13.1-801 et seq.) of this title."

Our review of the above-referenced statutes requires us to conclude that a non-professional corporation cannot engage in the practice of medicine in Virginia.[2]  Code § 13.1-542.1 permits a corporation which is not a professional corporation to _render_ professional services unless otherwise prohibited by law or regulation.  The litigants do not argue and, thus, we

---

" '_Professional service_' means any type of personal service to the public that requires as a condition precedent to the rendering of such service or use of such title the obtaining of a license, certification, or other legal authorization and shall be limited to the personal services rendered by . . . practitioners of the healing arts."
Code § 54.1-2900 defines the "healing arts" as follows:
" '_Healing arts_' means the arts and sciences dealing with the prevention, diagnosis, treatment and cure or alleviation of human physical or mental ailments, conditions, diseases, pain or infirmities."
[2] The Family Care Center's reliance upon a 1992 opinion of the Attorney General of Virginia is not persuasive.  The issue raised in that opinion was whether a proposed agreement between a hospital and an orthopedic surgeon that permitted the surgeon to be employed directly by the hospital as a full-time member of its medical staff violated Code § 54.1-2900, et seq., pertaining to the practice of medicine.  The Attorney General's opinion also addressed the issue whether Virginia's statutes that relate to professional corporations preclude non-professional corporations from employing physicians.  The opinion is not germane to our resolution of the pertinent issue in this appeal, which is whether the Family Care Center can engage in the practice of medicine.  _See_ 1992 Op. Atty. Gen. 147.

do not decide the scope of medical services, if any, that a corporation may "render" within the intendment of Code § 13.1-542.1. The litigants do not discuss and, thus, we do not decide the meaning of the word "render" contained in Code § 13.1-542.1. Additionally, the issue whether a non-professional corporation "rendering" professional services can enforce a covenant not to compete with its former employees performing such services is not before us in this appeal. We are constrained in the resolution of this appeal by the specific terms of the employment agreement which states, in part, that Family Care Center "is presently engaged in the practice of medicine."

Assuming, but not deciding, that Code § 13.1-542.1 authorizes the Family Care Center to employ physicians licensed to practice medicine in Virginia, the statute does not permit the non-professional corporation to engage in the practice of medicine. As Code § 54.1-111(A) provides, it is unlawful for a corporation to practice a profession or occupation without holding a valid license as required by statute or regulation. In Code § 54.1-2929, the General Assembly has clearly stated that no person shall practice or hold himself out as qualified to practice medicine without

obtaining a license from the Board of Medicine as provided in Code § 54.1-2929, et seq.[3]

Contrary to the assertions in the employment agreement between the Family Care Center and Dr. Parikh, that Family Care Center "is presently engaged in the practice of medicine in Lynchburg, Virginia," Family Care Center could not and cannot do so because it does not have a license to practice medicine from the Board of Medicine as required by Code §§ 54.1-2902 and -2929. Therefore, we hold that the Family Care Center, which cannot practice medicine, cannot engage in a competing practice of medicine with Dr. Parikh, who is a physician licensed to practice medicine in this Commonwealth. Since the Family Care Center cannot lawfully engage in the practice of medicine, it has no legitimate business interest in enforcing the covenant not to compete with Dr. Parikh.

In view of our holdings, we need not consider the litigants' remaining arguments. Accordingly, we will reverse the judgment of the circuit court and enter final judgment in favor of Dr. Parikh.

<u>Reversed and final judgment</u>.

---

[3] Code § 54.1-2930, which specifies whom the Board of Medicine may admit to examination for licensure to practice medicine in Virginia, applies to individuals, not corporate entities.