# CIRCUIT COURT OF THE CITY OF RICHMOND

Leah K. Pace
and Virginia Pension
Consultants, L.L.C.

v.

Retirement Plan
Administrative Service, Ltd.

September 28, 2007

Case No. CL07-2697

BY JUDGE MARGARET P. SPENCER

This matter is before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment.

*Statement of the Case*

The Plaintiffs, Leah K. Pace and Virginia Pension Consultants, L.L.C. ("VPC") filed a Complaint seeking a declaratory judgment on the validity and enforceability a covenant not to compete ("Agreement") between Pace and her former employer, Retirement Plan Administrative Service, Ltd. ("RPAS"). On May 15, 2007, Pace notified RPAS she would resign on a date convenient to RPAS. She also advised RPAS she would work with a new business in Williamsburg, Virginia. This new business, VPC, was formed by Pace and others on May 17, 2007. RPAS advised Pace that (1) the Agreement would preclude her from providing services to clients west of Williamsburg,

Virginia, as a VPC employee and (2) RPAS would seek enforcement of the Agreement if Pace violated its terms. Plaintiffs allege the Agreement is invalid and unenforceable.

Plaintiffs' Motion for Summary Judgment claims the Agreement is overbroad and unenforceable because (1) it prohibits solicitation of referral sources, but "is not limited to" RPAS referral sources, (2) it prohibits solicitation of clients, but "is not limited to" RPAS clients, and (3) it prohibits competition with business activities, but "is not limited to" RPAS business activities. They also claim the Agreement's non-competition clauses have a geographic scope which is vague and not related to RPAS business interests and the Agreement is contrary to public policy because it has a "blue pencil" provision, an assignment provision, and a liquidated damages provision. Plaintiffs claim entitlement to judgment as a matter of law, based on undisputed facts.

RPAS' Motion for Summary Judgment alleges the geographic and duration limitations of the restraints in the Agreement are valid and the scope of the restricted activities in the Agreement is valid. RPAS also alleges the "blue pencil" provision is severable, and the assignment and liquidated damages provisions are enforceable.

### Standard

This Court may grant a motion for summary judgment in cases where no material facts are genuinely in dispute. Va. Sup. Ct. R. 3:20; *Thurmond v. Prince William Prof'l Baseball Club, Inc.*, 265 Va. 59, 64, 574 S.E.2d 246, 250 (2003); *Majorana v. Crown Cent. Petroleum Corp.*, 260 Va. 521, 525, 539 S.E.2d 426, 428 (2000). A grant of summary judgment must be based upon undisputed facts established by pleadings, admissions in pleadings, and admissions made in answers to requests for admissions. *Hanley v. Stanley Martin Cos.*, 266 Va. 345, 351, 585 S.E.2d 567, 571 (2003). Additionally, the trial court must consider inferences from the facts in the light most favorable to the non-moving party, unless the inferences are strained, forced, or contrary to reason. *Carson v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993). Once it is established that there are no material facts genuinely in dispute, the Court must determine whether the "moving party is entitled to judgment as a matter of law." *Leeman v. Troutman Builds, Inc.*, 260 Va. 202, 206, 530 S.E.2d 909, 911 (2000).

*Analysis*

The Agreement between Pace and RPS can be enforced if it is narrowly drawn to protect RPS' legitimate business interest, is not unduly burdensome on Pace's ability to earn a living, and is not against public policy. See *Omniplex World Services Corp. v. US Investigations Services, Inc.*, 270 Va. 246, 249, 618 S.E.2d 340, 342 (2005); *Modern Env'ts, Inc. v. Stinnett*, 263 Va. 491, 493, 561 S.E.2d 694, 695 (2002); *Simmons v. Miller*, 261 Va. 561, 580-81, 544 S.E.2d 666, 678 (2001). Restrictive covenants are disfavored restraints on trade and the employer, RPS, bears the burden of proof. Any ambiguities in the Agreement will be construed in favor of the employee, Pace. *Id.*, at 581, 544 S.E.2d at 678. The Agreement here must be evaluated on its own merits, balancing the provisions of the Agreement with the circumstances of RPS and Pace. See *Modern Env'ts*, 263 Va. at 494-95, 561 S.E.2d at 696.

The facts in this case relevant to the Plaintiff's Complaint and Summary Judgment motion are undisputed. The Agreement here is not narrowly drawn to protect RPAS' legitimate business interests and is unduly burdensome on Pace. The language in paragraphs 6(d), (e), (g), (h), (i), and (j) render the Agreement unenforceable as a matter of law.

Paragraph 6(d) states:

*Non-Solicitation of Referral Sources.* Employee shall not, directly or indirectly, whether for Employee's own benefit or for the benefit of any person, corporation, partnership, limited liability company, or other business organizations, solicit or assist any person or entity to solicit any referral source of the Corporation; and Employee shall not, directly or indirectly, interfere with the relationship of the Corporation with any such referral sources. The term "referral source" shall include, but not be limited to, any person or business organization from whom the Corporation has received information regarding any of the Corporation's clients or prospective clients during the two (2) year period immediately prior to the termination of Employee's employment with the Corporation. . . .

This provision does not limit "referral sources" to businesses with a relationship with RPAS or RPAS' clients.

Paragraph 6(e) prohibits Pace from competing with RPAS in any form of business employment within the geographical and duration limitations. However, the definition of competition is not limited to competition with other

businesses that compete with the RPAS' business. This paragraph also prevents Pace from providing services to another employer, outside the fifty-mile geographic scope if that employer provides unrelated services within the fifty-mile area.

An enforceable covenant not to compete:

is an agreement to prevent an employee from engaging in activities that actually or potentially compete with the employee's former employer. Thus, covenants not to compete have been upheld only when employees are prohibited from competing directly with the former employer or through employment with a direct competitor. Compare *Motion Control Sys.*, 262 Va. [33] at 37-38, 546 S.E.2d [424] at 426 (covenant not to compete restricting employment with motor manufacturers that did not manufacture motors similar to employer was overbroad because covenant did not protect against competition), and *Richardson v. Paxton Co.*, 203 Va. 790, 795, 127 S.E.2d 113, 117 (1962) (covenant not to compete that restricted former employee, who sold specific supplies and services, from working for any employer involved with any kind of supplies, equipment, or services in the same industry was overbroad because covenant encompassed business for which employer did not compete), with *Blue Ridge Anesthesia and Critical Care, Inc. v. Gidick*, 239 Va. 369, 373, 389 S.E.2d 467, 469 (1990) (non-competition agreement was reasonable because restriction protected against direct competition by prohibiting former employees from employment with another company in a position selling similar medical equipment to that sold by former employer), and *Roanoke Eng'g Sales Co. v. Rosenbaum*, 223 Va. 548, 553, 290 S.E.2d 882, 885 (1982) (non-competition covenant was reasonable because employment restriction was limited to activities similar to business conducted by former employer).

*Omniplex*, 270 Va. at 249-50, 618 S.E.2d at 342.

In *Omniplex*, the covenant was not limited to employment in competition with the former employer, and the Court found it was overbroad and unenforceable. The applicable provision stated the former employee was prohibited from performing "any services . . . for any other employer in a position supporting Omniplex's Customer" and prevented the employee from working for any business providing support of any kind to employers that were not in competition with Omniplex. *Id.*

Similarly, in *Modern Environments*, the covenant stated the employee "will not (i) directly or indirectly, own, manage, operate, control, be employed by, participate in, or be associated in any manner with the ownership, management, operation, or control of any business similar to the type of business conducted by the company or any of its affiliates (a 'competing business'), which competing business is within a fifty (50) mile radius of the home office or any business location or locations of the Company or any of its affiliates at which Employee worked." 263 Va. at 493, 561 S.E.2d at 695. The Court affirmed the trial court's finding that the covenant was facially overbroad because it prevented the former employee from working in any capacity for a competitor of her former employer. *Id.* at 495, 561 S.E.2d at 696.

Moreover, the Court rejected the defendant's argument, like the argument here, that the covenant was reasonable because the time and geographic limitations were reasonable. The Court emphasized that the language of the non-compete agreement must be considered in the context of the facts of each specific case. The Court found there was no evidence of any legitimate business interest served by prohibiting the former employee from being employed in any capacity by a competing company. The statement that the "time and geographic limitations are reasonable" and that the employee was "only prohibited from working for [the employer's] competitors" was not sufficient to meet the employer's burden of showing that the restrictive covenant was reasonable. *Id.*

Finally, paragraphs 6(g) and (h) are "blue pencil" provisions and paragraph (h) is, in fact, so titled. Such provisions have been deemed invalid and render the agreement unenforceable. *Better Living Components, Inc. v. Willard Coleman & Blue Ridge Truss & Supply*, 67 Va. Cir. 221, 226 (Albemarle County 2005); *Cliff Simmons Roofing, Inc. v. Cash*, 49 Va. Cir. 156, 158 (Rockingham County 1999).

Paragraphs similar to paragraphs 6(i) and (j), the "Assignment" and "Remedies for Breach" liquidated damages provisions, have been held to be contrary to public policy. See *Reynolds and Reynolds Co. v. Hardee*, 932 F. Supp. 149, 151 (E.D. Va. 1996) (assignment) and *O'Brian v. Langley Sch.*, 256 Va. 547, 551, 507 S.E.2d 363 (1998) (liquidated damages).

Therefore, upon consideration of the undisputed facts and the applicable law, the Plaintiff's Motion for Summary Judgment is granted and the Defendant's Motion for Summary Judgment is denied.