PRESENT: All the Justices

ASSURANCE DATA, INC.

OPINION BY
v. Record No. 121989        CHIEF JUSTICE CYNTHIA D. KINSER
                             SEPTEMBER 12, 2013
JOHN MALYEVAC

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

This appeal concerns an employer's action to enforce certain provisions of an employment agreement that, among other things, restrain competition. In sustaining a demurrer, the circuit court resolved the employee's challenge to the enforceability of the restraints on competition. Because a demurrer cannot be used to decide on the merits whether a restraint on competition is enforceable, we will reverse the circuit court's judgment. This case is an example in which the trial court "'incorrectly . . . short-circuited litigation pretrial and . . . decided the dispute without permitting the parties to reach a trial on the merits.'" CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (quoting Renner v. Stafford, 245 Va. 351, 352, 429 S.E.2d 218, 219 (1993)); see also Breeding v. Hensley, 258 Va. 207, 214, 519 S.E.2d 369, 372 (1999).

I.   RELEVANT FACTS AND PROCEEDINGS

John Malyevac and Assurance Data, Inc. (ADI) entered into an agreement (the Agreement), pursuant to which Malyevac sold

ADI's computer products and services to its customers.  As

relevant to the issues on appeal, the Agreement contained non-

compete, non-solicitation, non-disclosure, and return of

confidential information provisions.  Specifically, paragraph 5

required that Malyevac

> shall not, during the term of this Agreement
> and for 6 months after the termination
> hereof (within a fifty (50) mile radius of
> [ADI's] Virginia office(s)), solicit,
> provide, promote or sell, directly or
> indirectly, except through and for the
> direct benefit of [ADI]:
>
> (a) computer, software or hardware products
> in competition with the products which are
> available through [ADI]; (b) services for
> customers or prospective customers that are
> competitive with services provided by or
> available through [ADI]; or
>
> (c) training, managed services,
> installation, implementation or related
> professional services for software and/or
> hardware which are provided by [ADI], except
> as pre-approved in writing by [ADI].

Under paragraph 10, Malyevac agreed that he would not

> at any time during or after the term of this
> Agreement use . . . or disclose any
> Confidential Information to any person
> whatsoever (except for the sole purpose of
> selling [ADI's] services and products for
> [ADI] in a good faith and professional
> manner as provided herein), or permit any
> person whatsoever to examine and/or make
> copies of any reports or any information or
> documents prepared by him/her or that come
> into his/her possession or under his control
> by reason of his/her consulting services,
> and that upon termination of this Agreement
> he/she will turn over to [ADI] all

2

Confidential Information, including, without limitation, all copies thereof, in any format whatsoever, and any documents, papers and other items in his/her possession or under his/her control that relate to [ADI].

Next, in paragraph 12, Malyevac agreed that

[e]xcept for the sole benefit of [ADI] and consistent with the terms hereof, during the term hereof, and for a period of twelve (12) after the date of termination hereof, [he] will not, directly or indirectly, seek, engage in or solicit, from any "Company Customer" (as hereafter defined) any business which is competitive with [ADI's] offering of services or products or in any way discourage client or customer usage of [ADI's] services or products. A "Company Customer" shall mean any past, present or prospective customers of [ADI] or its subsidiaries, with whom [Malyevac] has been in contact or obtained contact/user information in connection with his/her consulting activities for [ADI] or its vendors.

Finally, in paragraph 17(b), Malyevac agreed that

upon termination of the Agreement, he would

[d]eliver to [ADI] all [ADI] or [ADI's] customer or vendor keys, passwords, property, equipment, vendor marketing info and materials, data, reports, summaries, test results, computer software, and such other items and materials and/or Confidential Information (and copies thereof) as may have been prepared for and/or accumulated by [Malyevac] in performing this Agreement or services for [ADI], whether completed or in process (including all copies thereof in whatever format).

A few months after entering into the Agreement, Malyevac resigned. Subsequently, ADI filed a complaint in the circuit court alleging that Malyevac was violating paragraphs 5, 10, 12, and 17(b) of the Agreement by performing work and services and selling products in direct competition with ADI, by engaging in other prohibited activities, and by failing to return confidential information. ADI requested injunctive relief, the return of all confidential information, and compensatory damages.

In response, Malyevac filed a demurrer, asserting that ADI's allegations set forth in the complaint fail to state a claim upon which relief may be granted. Malyevac specifically asserted that the Agreement's non-compete and non-solicitation provisions are overbroad and thus unenforceable. At a hearing on the demurrer, Malyevac pointed out, as an example, that the non-solicitation requirements in paragraph 12 are in force for a period of "twelve (12)" but that language indicating whether the duration is days, weeks, months or years is omitted. Due to the over-breadth, Malyevac argued that a demurrer can be used to challenge the provisions' enforceability.

ADI responded that a demurrer only tests whether a cause of action has been pled and that it cannot be used to decide the merits of a claim. Acknowledging its burden to demonstrate the reasonableness of the provisions restraining competition, ADI

4

argued that it was entitled to present evidence to meet that burden. Thus, according to ADI, a demurrer cannot be used to determine whether the restraints are enforceable.

The court sustained the demurrer without granting ADI leave to amend its complaint. Explaining its decision, the circuit court stated:

> So then the question becomes why can't we do it with a demur[rer] if the court finds as a matter of law that a contract, a part of a contract is unenforceable then to state, to bring a lawsuit based on that unenforceable contract . . . fails to state a cause of action.

Applying that rationale, the court concluded "as a matter of law the provision is unenforceable." The court entered a final order dismissing the action with prejudice.

We awarded ADI this appeal. The dispositive question is whether the circuit court erred by using a demurrer to decide, on the merits, the enforceability of the Agreement's non-compete and non-solicitation provisions.[1]

---

[1] At the hearing on the demurrer, the parties' arguments focused primarily on the enforceability of the Agreement's non-compete and non-solicitation provisions and whether that issue could be decided on demurrer. Malyevac, however, also argued at that hearing and in a memorandum in support of the demurrer that the allegations concerning Malyevac's violation of paragraphs 10 and 17(b) requiring non-disclosure and return of confidential information, respectively, are conclusory and therefore insufficient to state a claim, and that the complaint fails to identify actual damages suffered by ADI as a result of Malyevac's alleged actions. The circuit court did not address these arguments but sustained the demurrer as to the entire

5

## II.  ANALYSIS

The purpose of a demurrer is to determine whether a complaint states a cause of action upon which the requested relief may be granted.  Dunn, McCormack & MacPherson v. Connolly, 281 Va. 553, 557, 708 S.E.2d 867, 869 (2011).  "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof."  Id. (internal quotation marks omitted).  Thus, unlike a motion for summary judgment, a demurrer "does not allow the court to evaluate and decide the merits of a claim."  Fun v. Virginia Military Inst., 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993); see also Concerned Taxpayers v. County of Brunswick, 249 Va. 320, 327-28, 455 S.E.2d 712, 716 (1995).

complaint, including the allegations regarding paragraphs 10 and 17(b), for the stated reason that "as a matter of law the provision is unenforceable."

In a motion to reconsider, ADI pointed out that Malyevac challenged only the enforceability of the non-compete and non-solicitation provisions and that he asserted other reasons in the demurrer and supporting memorandum as to why the allegations asserting violations of paragraphs 10 and 17(b) fail to state a claim.  ADI argued that the circuit court's order sustaining the demurrer and dismissing the entire complaint did not accurately reflect its ruling that pertained only to the non-compete and non-solicitation provisions.  The circuit court denied the motion to reconsider, stating that its prior order was an accurate statement of the court's ruling on the demurrer.  Thus, the circuit court sustained the demurrer and dismissed the complaint with prejudice and without leave to amend because "as a matter of law the provision is unenforceable."  When the circuit court used the term "the provision," it did not specify to which provision it was referring.  We will address them collectively.

6

Like the circuit court, "we consider as true all the material facts alleged in the . . . complaint, all facts impliedly alleged, and all reasonable inferences that may be drawn from such facts." Concerned Taxpayers, 249 Va. at 323, 455 S.E.2d at 713. When a complaint "contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer." CaterCorp, 246 Va. at 24, 431 S.E.2d at 279. "[E]ven though a . . . complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer." Id. "'Because the decision whether to grant a demurrer involves issues of law, we review the circuit court's judgment de novo.'" Dunn, McCormack & MacPherson, 281 Va. at 557, 708 S.E.2d at 869 (quoting Abi-Najm v. Concord Condo., LLC, 280 Va. 350, 357, 699 S.E.2d 483, 487 (2010)).

Citing the decisions in Modern Environments, Inc. v. Stinnet, 263 Va. 491, 561 S.E.2d 694 (2002), and Home Paramount Pest Control Cos. v. Shaffer, 282 Va. 412, 718 S.E.2d 762 (2011), Malyevac argues that the circuit court did not err in sustaining the demurrer because the Agreement's non-compete and non-solicitation provisions are overbroad on their face and therefore unenforceable. According to Malyevac, when analyzing

7

overly broad restraints on competition, a court could determine that no amount of evidence would render the restraints reasonable and enforceable.  As it did before the circuit court, ADI argues that in the context of ruling on a demurrer, the court could not decide the merits of Malyevac's challenge to the enforceability of these provisions.  To do so, according to ADI, denies it the opportunity to present evidence that the restraints are reasonable and no greater than necessary to protect its legitimate business interests.

An agreement that restrains competition "must be evaluated on its own merits, balancing the provisions of the contract with the circumstances of the businesses and employees involved." Omniplex World Servs. Corp. v. US Investigations Servs., Inc., 270 Va. 246, 249, 618 S.E.2d 340, 342 (2005).  Each case involving the enforceability of a restraint on competition "must be determined on its own facts."  Modern Env'ts, 263 Va. at 493, 561 S.E.2d at 695.  The employer bears the "burden to show that the restraint is no greater than necessary to protect a legitimate business interest, is not unduly harsh or oppressive in curtailing an employee's ability to earn a livelihood, and is reasonable in light of sound public policy."  Id.  In determining whether an employer has carried that burden, "we consider the 'function, geographic scope, and duration' elements of the restriction."  Home Paramount, 282 Va. at 415, 718 S.E.2d

8

at 764 (quoting Simmons v. Miller, 261 Va. 561, 581, 544 S.E.2d 666, 678 (2001)). "We assess these elements together rather than as distinct inquiries," and to be enforceable the agreement must be found reasonable as a whole. Preferred Sys. Solutions, Inc. v. GP Consulting, LLC, 284 Va. 382, 393, 732 S.E.2d 676, 681 (2012) (citing Home Paramount, 282 Va. at 415-16, 718 S.E.2d at 764).

The premise running through Simmons, Modern Environments, Home Paramount, and our other decisions is that restraints on competition are neither enforceable nor unenforceable in a factual vacuum. Based on evidence presented, a trial court must ascertain whether a restraint "'is narrowly drawn to protect the employer's legitimate business interest, is not unduly burdensome on the employee's ability to earn a living, and is not against public policy.'" Home Paramount, 282 Va. at 415, 718 S.E.2d at 763-64 (quoting Omniplex World Servs., 270 Va. at 249, 618 S.E.2d at 342); Modern Env'ts, 263 Va. at 493, 561 S.E.2d at 695. An employer may prove a seemingly overbroad restraint to be reasonable under the particular circumstances of the case. Simmons, 261 Va. at 581, 544 S.E.2d at 678 (citing cases).[2]

---

[2] Contrary to Malyevac's argument, our decision in Modern Environments does not support his assertion that a restraint on competition can be found unenforceable as a matter of law without the presentation of evidence. There, the employer

9

As explained earlier, a demurrer has <u>one</u> purpose - to determine whether a complaint states a cause of action upon which the requested relief may be granted. <u>Dunn, McCormack & MacPherson</u>, 281 Va. at 557, 708 S.E.2d at 869. In ruling on the demurrer, the circuit court, however, examined the Agreement's non-compete and non-solicitation provisions and determined that the provisions are overbroad and thus unenforceable as a "matter of law." The court ruled on the merits of whether the Agreement is enforceable without permitting ADI to present evidence to demonstrate that the restraints are no greater than necessary to protect its legitimate business interests, are not unduly harsh or oppressive in curtailing Malyevac's ability to earn a livelihood, and are reasonable in light of sound public policy.[3] <u>See</u> <u>Modern Env'ts</u>, 263 Va. at 493, 561 S.E.2d at 695.

---

failed to offer argument or evidence to prove its legitimate business interests were served by the particular restraint at issue. 263 Va. at 495-96, 561 S.E.2d at 696. In contrast, ADI opposed the demurrer precisely on the ground that it sought to present evidence to prove that the restraint is reasonable and no greater than necessary to protect its legitimate business interests.

[3] Because a demurrer cannot be used to decide the merits of a claim alleged in a complaint, we disagree with Malyevac's assertion that this Court cannot review the circuit court's decision because ADI failed to proffer the evidence that it would have introduced to support the enforceability of the provisions restraining competition.

10

III. CONCLUSION

Because "[a] demurrer does not permit the trial court to evaluate and decide the merits of the claim set forth in a . . . complaint," Concerned Taxpayers, 249 Va. at 327, 455 S.E.2d at 716, the circuit court erred when it sustained Malyevac's demurrer on the ground that "the provision is unenforceable" as a matter of law and dismissed the entire complaint for that reason. Therefore, we will reverse the circuit court's judgment sustaining the demurrer and remand the case for further proceedings.[4]

Reversed and remanded.

JUSTICE McCLANAHAN, concurring.

Because an employer is entitled to present evidence to prove its restraints on competition are reasonable under the particular circumstances, I agree the circuit court erred in sustaining the demurrer. I would end my analysis there.

---

[4] In light of our decision, it is not necessary to address ADI's other assignments of error.

11